**William M. SCALF, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 2000–SC–0025–KB.

Supreme Court of Kentucky.

Feb. 24, 2000.

William M. Scalf, Corbin, C. Wayne Shepherd, Lexington, for movant.

Jay R. Garrett, Kentucky Bar Association, Frankfort, for respondent.

### OPINION AND ORDER

William M. Scalf, who was admitted to the practice of law in Kentucky in 1967, and whose last known address was Corbin, Kentucky, moves this Court pursuant to SCR 3.480(3) to enter an order permitting him to resign under terms of disbarment. The KBA, recognizing that Scalf has not been served with a copy of the charges in KBA files 7074, 7323, 7410, 7481, and 7562, nor has he been served with a copy of the complaints in KBA files 7578, 7606, 7635, 7653, 7655, 7657, 7658, 7659, 7676, 7677, 7678, 7695 and 7698, does not object to the motion. Scalf acknowledges his misconduct in the following eighteen pending disciplinary matters:

In Charge No. 7074, Scalf represented a client in a personal injury action on a contingency fee basis. Throughout the representation, Scalf received eleven checks from the defendant's insurance company which were reimbursements for the client's medical expenses. The checks were made out to the client in care of Scalf. Of the eleven checks, the client endorsed eight of them and was only given two-thirds of the proceeds. Three other checks were endorsed with forged signatures and deposited into Scalf's escrow account. The client did not receive the proceeds of two of these checks in a timely fashion.

Although the client's case was later settled for $13,000, Scalf did not inform her until almost two months later and even then told her it had settled for $12,000. The client never endorsed the settlement check nor signed the settlement release. The client eventually received the other $1,000, minus Scalf's fee, after she contact-

ed the insurance company and was properly advised of the situation.

In Count I, the Inquiry Commission charged Scalf with violating SCR 3.130–8.3(c) when he forged the client's signature on various checks, including the settlement check; forged the names on the settlement release; lied about the correct amount of the settlement; and deposited money in his trust account without his client's knowledge. In Count II, Scalf is charged with violating SCR 3.130–5–3(c) when his secretary forged the name of the client on various checks, including the settlement check and the release without her knowledge.

In Count III, Scalf is charged with violating SCR 3.130–1.15(b) when he failed to deliver to the client the $13,000 settlement check and the proceeds of two medical reimbursement checks promptly. In Count IV, he is charged with violating SCR 3.130–1.4(a) when he failed to inform his client that he was negotiating a settlement of her personal injury case, and delayed for two months telling her that the case had been settled. In Count V, Scalf is charged with violating SCR 3.130–1.2(a) for failing to discuss with his client a settlement offer from an insurance company regarding her personal injury case.

In Count VI, Scalf is charged with violating SCR 3.130–1.4(b) for failing to explain a settlement offer to his client in order to allow her to either accept or reject the offer. In Count VII, he is charged with violating SCR 3.130–1.5(a) for charging a contingency fee for medical reimbursements that was not provided for in his contingency fee agreement with his client. In Count VIII, Scalf is charged with violating SCR 3.130–1.1 for failing to provide competent representation to his client in her personal injury action.

Charge No. 7323, stems from Scalf's representation of a client in a personal injury case which resulted while the client was incarcerated. The retainer agreement the parties entered specifically stated that the representation was for pending cases or any cases to be filed in "the Board of Claims and Applicable Court." At the time the representation began, the client had previously filed, pro se, an action in Federal District Court for the Western District of Kentucky and also had a case pending with the Kentucky Board of Claims. Scalf became aware of these cases on or about February 28, 1994. Several months later the federal case was dismissed because the client failed to provide the court with his current address. Scalf never entered his appearance in this case and failed to file any pleading to try to overturn the court's order of dismissal.

In September of 1994, the attorney of record in the Board of Claims case withdrew his representation so that Scalf could enter his appearance. Scalf later represented the client at a hearing on the claim. The hearing officer overruled the request by Scalf for a continuance in order to depose various witnesses, but agreed to allow him ample time after the hearing to take the depositions. Despite this extension of time, Scalf failed to complete the proof. The matter is still pending although Scalf has withdrawn from the case.

In Count I of the charge, the Inquiry Commission charged Scalf with a violation of SCR 3.130–1.3 for failing to enter his appearance in a pending federal case, failing to file any pleading to overturn the dismissal order, and failing to complete proof in a Board of Claims case after requesting the hearing officer to keep the matter open.

In Charge No. 7410, Scalf represented clients in a matter involving a land dispute. After the clients paid him $5,000, Scalf failed to return their telephone calls, failed to provide them with any documentation of what he was doing on their behalf and never filed their civil complaint. After being discharged, Scalf returned about half the clients' money. He never returned their file when requested to do so.

In Count I of the charge, the Inquiry Commission charged Scalf with a violation

of SCR 3.130–1.4(a) for failing to return his clients' calls and respond to inquiries regarding the status of their civil case. In Count II, he is charged with violating SCR 3.130–1.3 for failing to file a civil complaint for his clients in a land dispute matter promptly. In Count III, Scalf is charged with violating SCR 3.130–1.6(d) for failing to provide his clients with a copy of their file when requested to do so. In Count IV, he is charged with violating SCR 3.130–8.1(b) for knowingly failing to respond to a lawful demand for information from an admissions or disciplinary authority.

Charge No. 7481 results from Scalf's representation in a criminal matter in which the client was under a sentence of fifty years in prison. Scalf represented the client on direct appeal and also filed a verified motion to vacate and set aside the sentence pursuant to RCr 11.42. After the trial court denied the RCr 11.42 motion, the client's wife paid Scalf $2,500 to continue to represent her husband and appeal the trial court's ruling.

Scalf filed a notice of appeal but the record was never certified. The Court of Appeals issued a Show Cause Order requesting the client to show cause why the appeal should not be dismissed for failure to obtain certification of the record. Scalf, on behalf of his client, failed to respond to the Show Cause Order or file a motion for extension or enlargement of time and the appeal was dismissed.

The client's wife was unable to contact Scalf either by telephone or certified letter to find out the status of the case. She eventually hired another attorney who filed a belated appeal for her husband.

In Count I of the charge, the Inquiry Commission charged Scalf with a violation of SCR 3.130–1.3 for failing to certify the record on an appeal and failing to respond to a Show Cause Order which caused the appeal to be dismissed. In Count II, Scalf is charged with violating SCR 3.130–1.4(a) for failing to return his client's calls and responding to inquiries regarding the sta-

tus of his client's appeal. In Count III, he is charged with violating SCR 3.130–1.16(d) for failing to return the $2,500 fee and for failing to return $600 that he was paid to hire a medical examiner, which was never done. In Count IV, Scalf is charged with a violation of SCR 3.130–8.1(b) when he knowingly failed to respond to a lawful demand for information from an admissions or disciplinary authority.

In Charge No. 7562, Scalf represented a client in a criminal matter for which he was paid $2,000. Scalf failed to appear in District Court on his client's arraignment and also failed to return his calls or meet with him to discuss the case.

In Count I of the charge, the Inquiry Commission charged Scalf with a violation of SCR 3.130–1.3 for failing to appear at his client's arraignment after being retained to do so. In Count II, Scalf is charged with violating SCR 3.130–1.4(a) for failing to return his client's calls or meet with him to discuss the status of his criminal case. In Count III, he is charged with violating SCR 3.130–8.1(b) for knowingly failing to respond to a lawful demand for information from an admissions or disciplinary authority.

In Charge No. 7578, Scalf represented a client in a post-decree matter. The client gave Scalf a check for $7,700; $7,500 was to be put in Scalf's escrow account as an offer of settlement to his ex-wife and $200 was Scalf's fee. When the ex-wife refused to accept the settlement, the client requested the money back pursuant to the agreement. The money was not returned. Scalf was indicted for one-count of theft by failure to make required disposition of the value of $300 or more by converting his client's money to his own use.

Scalf admits that he violated SCR 3.130–1.15(a) by depositing his client's funds into his personal banking account. He also admits violating SCR 3.130–8.3(c) by not returning the client's money after a settlement with the ex-wife could not be reached.

Scalf admits that this client filed a bar complaint but because he is no longer at his bar roster address he has not been served with a copy of the complaint and has not answered. He states that by filing this motion to resign under terms of disbarment, he does so in lieu of filing an answer to the bar complaint. Scalf acknowledges that the Inquiry Commission has grounds to issue a charge against him in KBA file 7578, but he chooses to resign under terms of disbarment before a charge can be authorized against him.

In Charge No. 7606, Scalf was paid $3,000 by his clients to represent one of them in a criminal matter and to sell a truck on their behalf. Scalf made one court appearance on behalf of his client but failed to make a second court appearance. He did sell the truck but when asked by the clients to provide information regarding the sale, he failed to respond. Scalf also failed to respond to the clients' letter, failed to return their file when requested and failed to return the unearned fee.

Scalf admits he violated SCR 3.130–1.3 by failing to appear for the second court appearance; SCR 3.130–1–4(a) when he failed to respond to inquires from his clients regarding their case, failed to respond to a certified letter asking for information regarding the sale of their truck, and failed to return their file and the unearned fee when requested to do so; SCR 3.130–1.16(d) when, after being discharged, he failed to return the client's file on his criminal case and failed to return the unearned portion of the fee; and SCR 3.130–8.3(c) when he misappropriated the unearned fee for his own use.

Scalf admits that this client filed a bar complaint but because he is no longer at his bar roster address he has not been served with a copy of the complaint and has not answered. He states that by filing this motion to resign under terms of disbarment, he does so in lieu of filing an answer to the bar complaint. Scalf acknowledges that the Inquiry Commission

has grounds to issue a charge against him in KBA file 7606, but he chooses to resign under terms of disbarment before a charge can be authorized against him.

In Charge No. 7635, Scalf represented a client in a wrongful death claim. Scalf received a settlement in February 1998, but did not distribute the proceeds to the heirs, including his client, until June 1999. Scalf failed to return the case file and certain personal documents to the client when requested to do so and failed to return her calls, or meet with her to discuss the case.

Scalf admits violating SCR 3.130–1.15(b) by failing to deliver promptly the settlement proceeds in this case; SCR 3.130–1–4(a) when he failed to return his client's calls or meet with her to provide her with reasonable requests for information regarding the settlement of the case; and 3.130–1–16(d) when he failed to return the file and personal belongings to the client after being requested to do so.

On October 4, 1999, Scalf was sent by certified mail a copy of the bar complaint but did not claim the letter and it was returned as undeliverable. Therefore, no response has been filed. He states that by filing this motion to resign under terms of disbarment, he does so in lieu of filing an answer to the bar complaint. Scalf acknowledges that the inquiry Commission has grounds to issue a charge against him in KBA file 7636, but he chooses to resign under terms of disbarment before a charge can be authorized against him.

Charge No. 7653 arises from Scalf's representation of the client in a medical malpractice action and a personal injury action. After the client paid Scalf $6,300 to represent him in the malpractice case, Scalf filed the case but failed to take any other action. In August 1999, the client discovered that Scalf had received a $4,000 check from the insurance company in December 1998. The client has never received the proceeds of the settlement.

In April 1999, the client paid Scalf $300 to file a personal injury action. The client called Scalf and asked for an update on his case but he did not return the client's calls. After not being able to get in contact with Scalf, the client prepared and filed the civil complaint himself.

Scalf admits violating SCR 3.130–1.3 when he accepted $6,300 to represent this client in a malpractice case, and other than filing the complaint, took no other action on behalf of the client; SCR 3.130–1.3 when he accepted $300 to file a personal injury action on his client's behalf but failed to file the complaint or take any action on this matter; SCR 3.130–1.15(b) when he received a $4,000 check from the insurance company that belonged to the client in December 1998, and failed to notify the client of his receipt of the check; SCR 3.130–1.4(a) when he failed to return this client's calls or meet with him regarding the status of his cases, and failed to inform him timely that he had received a check from the insurance company; SCR 3.130–1.16(d) when he failed to return the unearned fee; and SCR 3.130–8.3(c) when he misappropriated the unearned fee and the proceeds from the insurance company for his own use.

Scalf admits that this client filed a bar complaint but because he is no longer at his bar roster address he has not been served with a copy of the complaint and has not answered. He states that by filing this motion to resign under terms of disbarment, he does so in lieu of filing an answer to the bar complaint. Scalf acknowledges that the Inquiry Commission has grounds to issue a charge against him in KBA file 7635, but he chooses to resign under terms of disbarment before a charge can be authorized against him.

In Charge No. 7655, Scalf represented a client's son in a civil action. The client paid Scalf $2,500 as a retainer fee but later discharged him. Scalf never returned the unearned fee. Scalf admits that he violated SCR 3.130–1.16(d) when he failed to return the unearned fee to the client. He also admits that he violated SCR 3.130–8.3(c) when he did not return the money and misappropriated it for his own use.

Scalf admits that this client filed a bar complaint but because he is no longer at his bar roster address he has not been served with a copy of the complaint and has not answered. He states that by filing this motion to resign under terms of disbarment, he does so in lieu of filing an answer to the bar complaint. He acknowledges that the Inquiry Commission has grounds to issue a charge against him in KBA file 7655, but he chooses to resign under terms of disbarment before a charge can be authorized against him.

Charge No. 7657 emanates from Scalf's representation of a client in a lawsuit. Scalf provided the client a settlement check in the amount of $13,333 but the account from which the check was drawn was closed and the check could not be honored. The client could not locate Scalf to get information about the worthless check. Scalf admits that he has misappropriated the funds belonging to the client for his own use, all in violation of SCR 3,130–8.3(c) and SCR 3.130–1.5(b).

Scalf admits that this client filed a bar complaint but because he is no longer at his bar roster address he has not been served with a copy of the complaint and has not answered. He states that by filing this motion to resign under terms of disbarment, he does so in lieu of filing an answer to the bar complaint. Scalf acknowledges that the Inquiry Commission has grounds to issue a charge against him in KBA file 7657, but he chooses to resign under terms of disbarment before a charge can be authorized against him.

Charge No. 7658 stems from Scalf's agreement with three nonprofit organizations to provide legal services. Scalf notified the organizations that he would file a lawsuit on their behalf but he failed to do so. After the organizations were unable to contact him concerning the status of the litigation, Scalf was sent a certified letter

by the client informing him that he was discharged and requested that the retainers he was paid be returned. Scalf received these letters but never responded.

Scalf admits that he violated SCR 3.130–1.3 when he failed to file the lawsuit after being retained to do so; SCR 3.130–1.4(a) when he failed to respond to the inquiries by the organization concerning the status of their case; SCR 3.130–1.16(d) when he did not respond to letters from the client seeking the return of the unearned retainer fee, and SCR 3.130–8.3(c) when he misappropriated the unearned fees to his own use.

Scalf admits that this client filed a bar complaint but because he is no longer at his bar roster address he has not been served with a copy of the complaint and has not answered. He states that by filing this motion to resign under terms of disbarment, he does so in lieu of filing an answer to the bar complaint filed by this client. Scalf acknowledges that the Inquiry Commission has grounds to issue a charge against him in KBA file 7658, but he chooses to resign under terms of disbarment before a charge can be authorized against him.

In Charge No. 7659, Scalf represented a client in a bankruptcy matter. The client paid Scalf $650 to file a Chapter 7 Bankruptcy Petition but he failed to do so. Scalf failed to return the client's calls and failed to respond to the letter sent him which asked that he either file the petition or return her files and money.

Scalf admits that he violated SCR 3.130–1.3 when he failed to file the bankruptcy petition on his client's behalf after being paid to do so; SCR 3.130–1.4(a) when he failed to return his client's calls and provide her with the status of her bankruptcy matter; SCR 3.130–1.16(d) when he failed to return the unearned fee; and SCR 3.130–8.3(c) when he misappropriated the money for his own use.

Scalf admits that this client filed a bar complaint but because he is no longer at his bar roster address he has not been served with a copy of the complaint and has not answered. He states that by filing this motion to resign under terms of disbarment, he does so in lieu of filing an answer to the bar complaint. Scalf acknowledges that the Inquiry Commission has grounds to issue a charge against him in KBA file 7659, but he chooses to resign under terms of disbarment before a charge can be authorized against him.

In Charge No. 7676, Scalf represented a client in an uncontested dissolution of marriage case. The client paid Scalf a total of $780 to represent him in the uncontested divorce case. Scalf failed to file the petition and the client was unable to contact Scalf because his office was closed.

Scalf admits that he violated SCR 3.130–1.3 when he was paid to represent the client in an uncontested divorce case, and after receiving the money, failed to file his petition for dissolution of marriage; SCR 3.130–1.4(a) when he failed to respond to the client's calls regarding the status of his case, and that his office was closed when the client tried to contact him there; SCR 3.130–1.16(d) when he failed to file the petition for dissolution and failed to return the unearned fee, and SCR 3.130–8.3(c) by misappropriating the money for his own use.

Scalf admits that this client filed a bar complaint but because he is no longer at his bar roster address he has not been served with a copy of the complaint and has not answered. He states that by filing this motion to resign under terms of disbarment, he does so in lieu of filing an answer to the bar complaint. Scalf acknowledges that the Inquiry Commission has grounds to issue a charge against him in KBA file 7606, but he chooses to resign under terms of disbarment before a charge can be authorized against him.

Charge No. 7677 arises from Scalf's representation of a client in a personal injury action. The client paid Scalf $2,500 for what she understood to be fees to doctors

to review her medical records and X-rays. The client has tried to contact Scalf to get an update on her case but he has not responded to her calls. Scalf admits he violated SCR 3.130–1.4(a) by failing to respond to a request concerning the status of her case.

Scalf admits that this client filed a bar complaint but because he is no longer at his bar roster address he has not been served with a copy of the complaint and has not answered. He states that by filing this motion to resign under terms of disbarment, he does so in lieu of filing an answer to the bar complaint. Scalf acknowledges that the Inquiry Commission has grounds to issue a charge against him in KBA file 7677, but he chooses to resign under terms of disbarment before a charge can be authorized against him.

Charge No. 7678 stems from Scalf's representation of his clients, for which he was paid $1,000. Scalf made one appearance on behalf of his clients and later his secretary notified them that the case had been settled. The clients paid another $3,500 because they were told that Scalf needed this money in order to settle the case. Scalf and his secretary endorsed this check. This was the last time the clients have heard from Scalf.

Scalf admits that he falsely informed his clients that their case had been settled, and misappropriated $3,500 of his client's money for his own use, all in violation of SCR 3.130–8.3(c), SCR 3.130–1.15(a) and (b).

Scalf admits that this client filed a bar complaint but because he is no longer at his bar roster address he has not been served with a copy of the complaint and has not answered. He states that by filing this motion to resign under terms of disbarment, he does so in lieu of filing an answer to the bar complaint. Scalf acknowledges that the Inquiry Commission has grounds to issue a charge against him in KBA file 7678, but he chooses to resign under terms of disbarment before a charge can be authorized against him.

In Charge No. 7695, Scalf represented clients in a bankruptcy matter. The clients paid Scalf a total of $500 to file a bankruptcy petition on their behalf and he failed to do so. In order to file the petition properly, the clients gave Scalf a copy of the deed to their house, the payment book on their mortgage, and other documents. The clients have been unable to contact Scalf and he has failed to return the documents or the unearned fee.

Scalf admits that he violated SCR 3.130–1.3 when he was paid $500 to file a bankruptcy petition and failed to do so; SCR 3.130–1.4(a) when he failed to return his clients' calls and provide them with the status of their bankruptcy matter; SCR 3.130–1.16(d) when he failed to return the clients' documents or the unearned fee; and SCR 3.130–8.3(c) when he misappropriated the clients' fee for his own use.

Scalf admits that this client filed a bar complaint but because he is no longer at his bar roster address he has not been served with a copy of the complaint and has not answered. He states that by filing this motion to resign under terms of disbarment, he does so in lieu of filing an answer to the bar complaint. Scalf acknowledges that the Inquiry Commission has grounds to issue a charge against him in KBA file 7695, but he chooses to resign under terms of disbarment before a charge can be authorized against him.

In Charge No. 7698, the Inquiry Commission issued a complaint of misconduct against Scalf pursuant to SCR 3.160(2). The complaint arose out of his representation of a client in a personal injury action. The case settled, and Scalf issued a check to the client in the amount of $2,128 as the settlement proceeds. When the client attempted to cash the check, it was returned for insufficient funds.

Scalf admits he violated SCR 3.130–1.15(b) when the client's settlement check was returned for insufficient funds. He also admits he violated SCR 3.130–8.3(c)

when he misappropriated the settlement proceeds for his own use.

Scalf admits that this client filed a bar complaint but because he is no longer at his bar roster address he has not been served with a copy of the Inquiry Commission complaint and has not answered. He states that by filing this motion to resign under terms of disbarment, he does so in lieu of filing an answer to the Inquiry Commission complaint. Scalf acknowledges that the Inquiry Commission has grounds to issue a charge against him in KBA file 7698, but he chooses to resign under terms of disbarment before a charge can be authorized against him.

Scalf admits his unethical and unprofessional conduct in violating the Rules of Professional Conduct and wishes to surrender his license to practice law in Kentucky. His admission of 18 acts of misconduct are of such a nature as to put into question his fitness to continue to practice law and the acts detailed above have brought the legal profession into disrepute.

It is hereby ORDERED that:

1) Scalf's motion to resign from the Kentucky Bar Association be granted.

2) Scalf shall not be permitted to engage in the practice of law, as defined by SCR 3.020, in the Commonwealth of Kentucky for at least five years, and until such time as the Supreme Court of Kentucky enters an order reinstating his membership in the Kentucky Bar Association.

3) Scalf may seek reinstatement after five years from the date of this Order only under the terms of the Rules of the Court in effect at the time readmission is sought. Scalf may not seek reinstatement of his license to practice law as long as there are pending against him any outstanding claims or judgments arising from his acknowledged misconduct, including any payments made to any clients or other entity by or on behalf of the Client Security Fund operated by the Kentucky Bar Association.

In accordance with SCR 3.450 and SCR 3.480(3), Scalf is directed to pay all costs associated with this disciplinary proceeding against him, said amount being $796.51. Upon finality of this Opinion and Order, execution may issue from this Court for said costs.

Pursuant to SCR 3.390, Scalf is hereby ordered to provide notice to clients that he currently represents, if applicable, of his inability to perform legal services, to notify all courts in which he has matters pending of his disbarment, and to provide the Director of the Kentucky Bar Association with a copy of all such letters simultaneous to their mailing.

All concur.

Entered: February 24, 2000

/s/ Joseph E. Lambert
Chief Justice