**KENTUCKY BAR ASSOCIATION,**
**Complainant,**

v.

**William M. SCALF, Respondent.**

**No. 2001–SC–0117–KB.**

Supreme Court of Kentucky.

April 26, 2001.

## OPINION AND ORDER

Respondent, William M. Scalf, was admitted to the practice of law in the Commonwealth of Kentucky on September 1, 1967 and resigned under terms of disbarment on February 24, 2000.[1] His last known office address is 1466 West Cumberland Gap Parkway, Corbin, Kentucky 40701. The instant case consolidates six (6) separate complaints (numbers 7926, 7927, 7928, 7929, 7930 and 7931) filed with the Kentucky Bar Association. Each complaint was served upon Scalf through the Secretary of State as authorized by SCR 3.175 and Scalf failed to respond to any of the complaints.

The unethical behavior alleged in the complaints is frighteningly similar to the conduct outlined in *Scalf v. Kentucky Bar Association*,[2] and we see no reason to describe Scalf's misconduct in any great detail. Each complaint alleges that Scalf accepted money from clients to perform legal tasks, but never performed the tasks or returned the money. The six clients lost a total of nearly $16,000.00 and the Kentucky Bar Association Board of Governors found Scalf guilty of twenty (20) separate violations of the Kentucky Rules of Professional Conduct, including violations of SCR 3.130–8.3(c) ("dishonesty, fraud, deceit or misrepresentation"), SCR 3.130–1.4(a) ("failure to keep a client reasonably informed"), SCR 3.130–1.3 ("failure to act with reasonable diligence and promptness when representing a client"), and SCR 3.130–1.16(d) ("failure to take any action on behalf of a client, and failure to refund an unearned fee").

After considering Scalf's conduct in these consolidated matters and Scalf s prior misconduct, the Board of Governors voted unanimously to recommend Scalf's permanent disbarment. Scalf made no request pursuant to SCR 3.370(8) that this Court review the Board's recommendation, and we see no reason to initiate such review. Thus, pursuant to SCR 3.370(10), the recommendation of the Board of Governors is adopted by this Court. Upon the foregoing facts and charges, it is ordered that the Board of Governors' recommendation for permanent disbarment be adopted. It is further ordered that:

(1) Respondent, William M. Scalf, is hereby permanently disbarred from the practice of law.

(2) In accordance with SCR 3.450, Scalf is directed to pay all costs associated with

---

**1.** *Scalf v. Kentucky Bar Association*, Ky., 11 S.W.3d 34 (2000).

**2.** *Id.*

these disciplinary proceedings against him, said sum being $139.13, and for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: April 26, 2001

/s/ Joseph E. Lambert
Chief Justice