TO BE PUBLISHED

# Supreme Court of Kentucky

2005-SC-000724-KB

FINAL

DATE Dec 6, 05 ENA Graves D.C.

KENTUCKY BAR ASSOCIATION                                              PETITIONER


V.                                    IN SUPREME COURT


NICKIE BARTON VANMETER                                               RESPONDENT


## OPINION AND ORDER

The Kentucky Bar Association (KBA) recommends that this Court declare Respondent, Nickie Barton Vanmeter of Louisville, Kentucky, guilty of numerous charges brought in three cases before the Association. Due to the gravity of these charges, the KBA further moves for an Order of permanent disbarment. We so find and enter an Order of permanent disbarment.

### I. KBA File 8351

Respondent was properly served with a charge by the Inquiry Commission on March 5, 2005 alleging numerous violations of the Rules of Professional Conduct in connection with his representation of Patricia Bales. Respondent failed to respond to the charge.

Respondent failed to timely respond to or participate in the ongoing domestic proceedings involving Ms. Bales. Respondent failed to appear in court on behalf of this client on six occasions. When Ms. Bales terminated Respondent's service, he failed to file a motion to withdraw as counsel or to respond to a Subpoena mandating his presence before the court. On November 2, 2000, the court found that Respondent's "pattern of perpetual failures to appear before the Court is evidence of a willful disobedience of and an open disregard for the rule and order of this Court." Respondent was held in criminal contempt and ordered to serve twelve consecutive hours in jail.

## II. KBA File 9423

On March 5, 2005, Respondent was properly served a charge alleging violation of SCR 3.130-8.3(b) (commission of a criminal act). Respondent failed to respond to this charge.

Pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), Respondent pled guilty to six felony offenses: First Degree Perjury, Tampering with Physical Evidence, Tampering with Public Records, and three counts of Second Degree Criminal Possession of a Forged Instrument on or about June 11, 2003. Respondent received a sentence of twenty years imprisonment, probated for a period of five years, and a fine of $5,000. Effective June 12, 2003, this Court temporarily suspended Respondent from the practice of law pursuant to SCR 3.166.

## III. KBA File 9902

On March 5, 2005, Respondent was properly served a charge alleging more violations of the Rules of Professional Conduct in connection with his representation of David Tate. Respondent failed to respond.

2

In July 2001, Mr. Tate paid Respondent $500 for representation on a criminal charge. While representing Mr. Tate, Respondent failed to return phone calls or to adequately communicate with his client. On two occasions Respondent failed to appear in court on behalf of his client. Upon termination of legal representation, Respondent failed to withdraw or to notify his client that he was terminating his legal representation. Respondent also failed to return the client's papers and property or to refund unused portions of the retainer.

## IV. Conclusion

The record in this case indicates a clear pattern of noncompliance with and disobedience to the rule of law and to the rules of Respondent's chosen profession. In 1997, Respondent received two Private Admonitions for violating SCR 3.130-8.1(b) by failing to respond to Bar Complaints. Upon the foregoing facts and charges, we find sufficient evidence to adjudicate Respondent guilty of all counts currently pending before this Court. We further hold that in light of the seriousness of Respondent's conduct, the recommendation of the KBA should be adopted. Therefore, it is ORDERED that:

1.     Nickie Barton VanMeter is adjudicated guilty of all charges alleged in KBA Files 8351, 9423, and 9902.

2.     Nickie Barton VanMeter is hereby permanently disbarred from the practice of law in the Commonwealth of Kentucky for committing criminal acts which reflect adversely on Respondent's character and fitness as a lawyer and for violating numerous provisions of our Rules of Professional Conduct.

3

3.     In accordance with SCR 3 .450, Nickie Barton VanMeter is directed to pay all costs associated with these disciplinary proceedings in the amount of $783.42 for which execution may issue from this Court upon finality of this Order.

4.     If he has not already done so, in accordance with SCR 3.390, Nickie Barton VanMeter shall, within ten (10) days from the entry of this Opinion and Order: (a) to the extent possible, cancel and cease any advertising activities in which he is engaged; and (b) notify, in writing, all courts in which he may have matters pending, and all clients for whom he is actively involved of his inability to provide further legal services, and furnish the Director of the Kentucky Bar Association with a copy of all such letters.

All concur.

ENTERED: November 23, 2005.

_____
Chief Justice