**Ferdinand R. RADOLOVICH, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2009–SC–000128–KB.**

Supreme Court of Kentucky.

May 21, 2009.

## OPINION AND ORDER

Ferdinand R. Radolovich moves this Court to enter an order permanently disbarring him from the practice of law in the Commonwealth of Kentucky. Radolovich, whose KBA member number is 56330 and whose bar roster address is 714 Fairhill Drive, Louisville, Kentucky 40207, was admitted to practice law in this Commonwealth on October 1, 1974. Due to Radolovich's four KBA Files each involving different ethical violations, his perjury conviction, and his own admission of guilt with regard to the multiple allegations of misconduct, we conclude that he should be permanently disbarred.

The charges filed against Radolovich as set forth in KBA File 8504 were based on his conduct in representing Raymond C. Watts and Rita Watts from June 9, 1992 to October 1997. During the summer of 1997, Radolovich led the Wattses to believe that their case was still pending and that he was negotiating with opposing counsel to either reach a settlement agreement or reopen the case. However, the case had been dismissed with prejudice three months earlier by the trial court. In addition, after the Wattses' case was dismissed, Radolovich prepared a document for the Wattses to sign that released him from all liability relating to the filing of the bankruptcy action. Subsequently, on April 24, 2003, the Inquiry Commission charged Radolovich with violating SCR 3.130–1.8(h) for making an agreement prospectively limiting his liability for malpractice, and SCR 3.130–8.3(c) for engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. In his motion before this Court, Radolovich admits that his conduct in representing the Wattses violated SCR 3.130–8.1(h) and SCR 3.130–8.3(c).

KBA File 10822 involves Radolovich's failure to provide truthful testimony about his representation of James Earl Slaughter during a hearing in the Jefferson Circuit Court on September 7, 1994. As a result of this misconduct, Radolovich was indicted on one count of perjury on July 24, 2003. As a condition of his plea agreement with the Commonwealth's Attorney, Radolovich immediately notified the KBA of his request to permanently withdraw his membership as an attorney in this Commonwealth. Due to this misconduct, the KBA opened an investigative file on August 11, 2003, but has not yet issued charges based on Radolovich's perjury indictment. Radolovich now informs this Court that although the Inquiry Commission has grounds to issue a charge against him in KBA File 10822, he wishes to resolve this matter by resigning under terms of permanent disbarment as required by his plea agreement.

KBA File 13668 involves Radolovich's misconduct in representing Karin Spurling. On November 23, 2005, Spurling filed a bar complaint against Radolovich, alleging that he gave her incorrect advice regarding whether her guilty plea to fraud charges would be a misdemeanor or a felony, and, in a separate case, whether her settlement proceeds from a sexual harassment lawsuit would be taxable income. Subsequently, Spurling also filed a civil complaint against Radolovich claiming that he had provided inadequate legal representation. Spurling and Radolovich eventually agreed on a settlement, and the civil action was dismissed on May 14, 2007. As with the previous KBA files, Radolovich admits that his misconduct in representing

Spurling has implicated several ethical rules and that the Inquiry Commission has grounds to issue charges against him. However, Radolovich again wishes to resolve this matter by being permanently disbarred from the practice of law.

On August 8, 2006, the U.S. Court of Appeals for the Sixth Circuit ordered Radolovich to pay the opposing party's attorney's fees and costs associated with an appeal the Sixth Circuit deemed to be incoherent and frivolous. Because Radolovich did not comply with this order, the Sixth Circuit granted a motion holding him in contempt. As set forth in KBA File 14751, on July 21, 2008, the Inquiry Commission issued a complaint against Radolovich notifying him that his misconduct in this instance implicated SCR 3.130–3.1 and SCR 3.130–3.4(c).

Radolovich admits that he is guilty of all allegations of misconduct described above and asks this Court to terminate the disciplinary proceedings set forth in KBA File 8504, 10822, 13668, and 14751 by entering an order of permanent disbarment. Radolovich insists that he no longer wants to engage in the practice of law and understands that he cannot be reinstated following this order of permanent disbarment because the provisions of SCR 3.480(3)(a) and SCR 3.510 do not apply. The KBA has no objection to Radolovich's motion.

This Court has granted a motion of permanent disbarment against other attorneys who have engaged in misconduct similar to Radolovich's. *Scalf v. KBA,* 11 S.W.3d 34 (Ky.2000) (permitting an attorney to resign under terms of permanent disbarment who acknowledged his misconduct in numerous pending disciplinary matters); *KBA v. Vanmeter,* 176 S.W.3d 692 (Ky.2005) (finding that permanent disbarment was appropriate for an attorney who had engaged in professional misconduct in her representation of two clients and who had pled guilty to perjury, tampering, and criminal possession of a forged instrument). Here, Radolovich has engaged in a lengthy pattern of misconduct, which involved misrepresenting multiple clients, lying under oath to a tribunal, and failing to comply with orders of the Sixth Circuit. Furthermore, Radolovich has clearly stated in his motion that he no longer wishes to practice law in this Commonwealth or in any other jurisdiction. Accordingly, it is hereby ORDERED that:

1. Ferdinand R. Radolovich is guilty of violating SCR 3.130–8.1(h) and SCR 3.130–8.3(c) as set forth in KBA File 8504.

2. Ferdinand R. Radolovich is permanently disbarred from the practice of law in the Commonwealth of Kentucky.

3. Pursuant to SCR 3.450, Ferdinand R. Radolovich is directed to pay all costs associated with these disciplinary proceedings in the amount of $560.42.

4. Pursuant to SCR 3.390, Ferdinand R. Radolovich shall, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of all letters of notice to the Executive Director of the Kentucky Bar Association. Furthermore, to the extent possible, Radolovich shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: May 21, 2009.

/s/ John D. Minton Jr.
Chief Justice