**Kim Allen CLAY, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 2009–SC–000272–KB.

Supreme Court of Kentucky.

Aug. 27, 2009.

*OPINION AND ORDER*

Kim Allen Clay moves this Court to enter an order permanently disbarring him from the practice of law in the Commonwealth of Kentucky. In response, the Kentucky Bar Association (KBA) agrees that Clay's conduct warrants permanent disbarment. Clay, whose KBA member number is 88692 and whose bar roster address is 1538 Astaire Drive, Lexington,

Kentucky 40511, was admitted to practice law in this Commonwealth on May 1, 2001. Having considered Clay's three KBA files, all of which reveal Clay's participation in financial criminal acts involving his clients' funds, and his federal conviction of conspiracy to commit mail, wire, and bank fraud, we agree that Clay should be permanently disbarred and grant his motion to resign under terms of permanent disbarment.

■ On August 27, 2007, Clay was charged in the United States District Court, Eastern District of Kentucky, with participating in a conspiracy to defraud financial institutions. On that same day, Clay pled guilty to conspiracy to commit mail, wire, and bank fraud in violation of 18 U.S.C. § 1349. Although Clay is still awaiting his final sentence on this charge, the maximum statutory punishment is imprisonment for not more than thirty years, a fine of not more than $1,000,000.00, and a term of supervised release of not more than five years. Due to Clay's guilty plea to this charge, the Inquiry Commission issued a complaint as set forth in KBA File 14085, but has not yet filed its own charges.

In addition to KBA File 14085, Clay is the subject of two other KBA files. On December 8, 2008, the Inquiry Commission authorized a two-count charge against Clay, which was set forth in KBA File 14118. These counts were based on Clay taking funds that were to be used to pay off a couple's mortgage loan, but failing to pay off that loan. Clay is charged with violating SCR 3.130–8.4(b) for committing "a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects," and SCR 3.130–8.4(c) for engaging in "conduct

involving dishonesty, fraud, deceit or misrepresentation."[1] In his motion before this Court, Clay admits that his conduct in failing to pay off his clients' mortgage loan violated both SCR 3.130–8.4(b) and 8.4(c).

In KBA File 15970, the Inquiry Commission actually issued a two-count charge against Clay, contending again that Clay violated SCR 3.130–8.4(b) and 8.4(c). These charges arise from Clay's agreement to accept funds from a client in order to pay the client's debt to Bluegrass Cellular, and his subsequent failure to remit those funds to Bluegrass Cellular. Again, Clay admits in his motion before this Court that his conduct as set forth in KBA File 15970 violated SCR 3.130–8.4(b) and 8.4(c).

■ Clay admits that his serious misconduct and his ethical violations justify permanent disbarment. Clay indicates that even though the Inquiry Commission has not yet issued charges in KBA File 14085 or 14118, he wishes to terminate these proceedings by resigning under terms of permanent disbarment. Clay also acknowledges that he cannot be reinstated to the practice of law in this Commonwealth because the provisions of SCR 3.480(3)(a) and SCR 3.510 do not apply. In addition, Clay states that upon entry of an order granting his motion to permanently resign under terms of permanent disbarment, he will never again engage in the practice of law in the Commonwealth of Kentucky.

This Court has granted a motion of permanent disbarment against other attorneys who have engaged in criminal financial misconduct similar to Clay's. *See Kentucky Bar Association v. Vanmeter,* 176 S.W.3d 692 (Ky.2005) (finding that

1. Clay was originally charged with violating SCR 3.130–8.3(b) and (c). However, due to the amendments to the Supreme Court Rules effective July 15, 2009, SCR 3.130–8.3 be-

came the newly-numbered SCR 3.130–8.4. This numbering change is reflected throughout this Opinion and Order.

permanent disbarment was appropriate for an attorney who had engaged in professional misconduct in her representation of two clients and who had pled guilty to perjury, tampering, and criminal possession of a forged instrument); *Scalf v. Kentucky Bar Association*, 11 S.W.3d 34 (Ky. 2000) (permitting an attorney to resign under terms of permanent disbarment who engaged in numerous instances of accepting payments from clients without performing the agreed upon task). Here, Clay has engaged in serious financial misconduct, including retaining two different clients' payments instead of remitting those payments to the appropriate entity and pleading guilty to conspiracy to defraud financial institutions. Furthermore, Clay has clearly stated in his motion that he wishes to terminate these proceedings by resigning under terms of permanent disbarment. Accordingly, it is hereby ORDERED that:

1. Kim Allen Clay is permanently disbarred from the practice of law in the Commonwealth of Kentucky.

2. Pursuant to SCR 3.450, Kim Allen Clay is directed to pay all costs associated with these disciplinary proceedings in the amount of $129.79, for which execution may issue from the Court upon finality of this Opinion and Order.

3. Pursuant to SCR 3.390, Kim Allen Clay shall, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of all letters of notice to the Executive Director of the Kentucky Bar Association. Furthermore, to the extent possible, Clay shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: August 27, 2009.

/s/ John D. Minton, Jr.

CHIEF JUSTICE