**KENTUCKY BAR ASSOCIATION,**
**Appellant,**

v.

**Helen M. PERRY, Appellee.**

**No. 2003–SC–0031–KB.**

Supreme Court of Kentucky.

April 24, 2003.

Bruce K. Davis, Executive Director, Jay R. Garrett, Bar Counsel, Kentucky Bar Association, Frankfort, Counsel for Appellant.

Helen M. Perry, Louisville, Counsel for Appellee.

**OPINION AND ORDER**

The Board of Governors of the Kentucky Bar Association has recommended to this Court that Helen M. Perry, who was admitted to the practice of law in Kentucky on May 3, 1999 and whose last known address is 902 East Jefferson Street, Louisville, Kentucky, 40206, be suspended from the practice of law in Kentucky for 181 days. Perry was found guilty of four counts of professional misconduct arising from two disciplinary cases.

The first case involves the following facts. On April 20, 2001, Perry entered into a "Legal Services Agreement" with C.P. Moore. Perry was to represent Moore in a civil suit, which he had filed *pro se* on February 13, 2001 in Jefferson County. Perry agreed to represent Moore on a contingency basis, and she took no retainer. On May 10, 2001, Perry entered her appearance on behalf of Moore in the Jefferson Circuit Court.

On July 24, 2001, Perry sent a letter to Moore stating that she had "decided to retire from the practice of law" and would no longer be representing him. Subsequently, Perry failed to respond to opposing counsel's interrogatories, requests for production, and inquiries regarding her failure to respond. Perry also failed to respond to Moore's request for his file. On October 30, 2001, Moore filed a bar complaint against Perry, which was served upon her by certified mail. She apparently signed the certified mailed receipt, yet failed to file any response.

The Inquiry Commission charged Perry with three counts of professional misconduct arising from these facts. Count I alleged that Perry violated SCR 3.130–1.16(d), involving termination of representation, by failing to return Moore's file and by failing to notify the Court and opposing counsel of her withdrawal from the case,

causing her to remain counsel of record and thereby to receive pleadings. Count II alleged that Perry violated SCR 3.130–1.4(a), which involves keeping clients informed, by failing to inform Moore of opposing counsel's requests. Count III alleged that Perry violated SCR 3.130–8.1(b), which mandates response to disciplinary demands, by failing to respond to the bar complaint.

The KBA attempted yet failed to make actual service of the charges upon Perry at her bar roster address as well as two other addresses that appear in communications with Moore. Thereafter, the KBA made constructive service upon Perry by serving the Secretary of State. As Perry filed no answer, the case was submitted as a default case pursuant to SCR 3.210(1). The Board of Governors found Perry guilty of Counts I and III. Perry was found not guilty of Count II, as this rule applies to current clients, and Perry had clearly informed Moore that she was withdrawing from the case.

The second disciplinary case involves these facts. On February 12, 2001, Perry corresponded with Eddyville prisoner Jacta Est Alea (a/k/a Kenneth Uriah Ross, a/k/a Uriah Marquis Pasha), acknowledging receipt of a videotape and hundreds of pages of documents regarding Alea's pending federal lawsuit. On March 27, 2001, Perry wrote to Alea for the second time, indicating that she had "already entered her appearance" in the federal court case and was enclosing her "standard Legal Services Agreement." Nothing in the record indicates that Alea signed and returned this agreement.

On October 9, 2001, Alea filed a complaint with the KBA against Perry, asserting that Perry had failed to return his documents and videotape, that she had refused to answer his correspondence, and that her last listed telephone number had

been disconnected with no forwarding number. Based upon these allegations, Perry was charged with two counts of professional misconduct. Count I alleged that Perry violated 3.130–1.16(d), regarding termination of representation, by failing to inform Alea that she no longer represented him and by failing to return his file in a timely fashion. Count II alleged that Perry violated SCR 3.130–1.4(a) and (b), regarding keeping a client informed, by failing to return phone calls and the file, and by failing to inform him that she was no longer representing him in the civil action, thereby allowing him to make a decision regarding his case. This case was also submitted to the Board of Governors as a default case. The Board found Perry guilty of both counts. The Board considered the two cases jointly for purposes of its recommendation to this Court. In deciding upon the level of sanction, the Board considered that Perry had been suspended from the practice of law in Kentucky for non-payment of bar dues on February 7, 2002, but otherwise had no prior disciplinary history. The Board recommended a 181 day suspension from the practice of law.

Pursuant to SCR 3.370(10), we hereby adopt the recommendation of the Board. Accordingly, it is hereby ordered:

1. Respondent, Helen M. Perry, is suspended from the practice of law in Kentucky for a period of one hindered and eighty-one (181) days. The period of suspension shall commence on the date of entry of this Order and shall continue until she is reinstated to the practice of law by Order of this Court pursuant to SCR 3.510.

2. In accordance with SCR 3.450, Respondent is directed to pay the costs of these actions in the amount of $372.27, and for which execution may issue from this

Court upon finality of this Opinion and Order.

3. Pursuant to SCR 3.390, within ten (10) days, Respondent shall notify all clients in writing of her inability to represent then and shall furnish copies of said letters of notice to the Director of the Kentucky Bar Association. She shall also provide such notification to all courts in which she has matters pending.

All concur.

ENTERED: April 24, 2003.

/s/ Joseph E. Lambert
    Chief Justice