**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Helen M. PERRY, KBA Member No. 87722, Respondent.**

**No. 2003–SC–0647–KB.**

Supreme Court of Kentucky.

Dec. 18, 2003.

**OPINION AND ORDER**

LAMBERT, Chief Justice.

Respondent, Helen M. Perry, of Louisville, Kentucky, was admitted to the practice of law in the Commonwealth of Ken-

tucky on May 3, 1999. In April of 2003, this Court adopted the recommendation of the Board of Governors of the Kentucky Bar Association (hereinafter "the Board") to suspend Respondent for a period of 181 days arising from two disciplinary actions where Respondent was found guilty of four counts of professional misconduct. *See Kentucky Bar Ass'n v. Perry*, Ky., 102 S.W.3d 507 (2003). The instant matter concerns four additional charges (KBA File Nos. 9013, 9180, 9224, and 9298) against Respondent that were brought before the Board on May 16, 2003. The charges were consolidated and Respondent was subsequently found guilty of all eleven counts arising therefrom.

### KBA File No. 9013

This charge was filed by Ms. Charlotte Fisher on December 10, 2001. Respondent filed a racial and sexual discrimination complaint against the Kentucky Department of Transportation on Ms. Fisher's behalf in the federal district court in Owensboro. The case was dismissed. However, Respondent never informed her client of the dismissal. In addition, Ms. Fisher claimed that she was never able to reach Respondent via telephone regarding the status of the case. Respondent also neglected to inform Ms. Fisher that she would not be representing her on appeal.

Service of process of the bar complaint was attempted through both certified mail and through the local sheriff, but was unsuccessful. Further attempts of service by certified mail at an Indiana address and post office box were unsuccessful as well. As a result, service of the bar complaint was made pursuant to KRS 454.210 on the Secretary of State. SCR 3.175. Respondent did respond to this charge. This matter was ultimately presented to the Board as a default case pursuant to SCR 3.130(1).

Pursuant to the above facts, the Inquiry Commission alleged, under Count I of the charge, that Respondent violated SCR 3.130–1.4(a) and (b) based on (1) Respondent's failure to inform Ms. Fisher about the dismissal of the discrimination case; (2) Respondent's failure to return Ms. Fisher's telephone calls regarding the status of the case; and (3) Respondent's failure to inform Ms. Fisher that she would not be representing her on appeal. In Count II, the Inquiry Commission alleged that Respondent violated SCR 3.130–1.16(d) by abandoning her client, Ms. Fisher. Count III alleged a violation of SCR 3.310–8.1(b), for Respondent's failure to file a response to Ms. Fisher's bar complaint following constructive service through the Secretary of State. Subsequent to reviewing the record, the Board concluded that Respondent was guilty as to all three of the above counts.

### KBA File No. 9180

This complaint arises from Respondent's representation of Mr. Lynn Fredell. In May of 2001, Mr. Fredell retained Respondent to represent him in a criminal trial in the federal district court in Louisville. Mr. Fredell was convicted on six counts, some of which involved narcotics. After the guilt phase of the trial ended, but prior to Mr. Fredell's sentencing, Respondent evidently abandoned her client and made no attempt to further communicate with him. Not only did Respondent fail to appear at the sentencing hearing, she failed to inform the trial judge, the prosecuting officer, and Mr. Fredell himself that she no longer intended to act as defense counsel. Mr. Fredell had to proceed *in forma pauperis*, and the trial court appointed new counsel.

As with KBA File No. 9013, Respondent was never personally served regarding this charge; however, she was constructively served via the Secretary of State. The Board received this charge on default.

The Inquiry Commission charged, under Count I, that Respondent violated SCR 3.130–1.16(d) due to (1) her abandonment of her client following his criminal trial; (2) her failure to withdraw as counsel; and (3) her failure to inform Mr. Fredell, the trial judge, or the prosecution, that she ceased her representation of Mr. Fredell. Count II alleged that Respondent violated SCR 3.130–8.1(b) for failing to respond to the bar complaint filed after being served via the Secretary of State. After reviewing the record before it, the Board determined that Respondent was guilty on both counts.

### KBA File No. 9224

On March 11, 2002, the Inquiry Commission, pursuant to SCR 3.160, initiated the instant charge. Respondent represented Donna M. Catlett in a civil case in the federal district court in Louisville. Respondent apparently failed to respond to a joint motion to dismiss for failure to prosecute, whereby she "abandoned" her client. Service of the charge was made via the Secretary of State, but Respondent again failed to respond to the charges. This matter was then submitted to the Board as a default case.

Count I charged that Respondent violated SCR 3.130–1.3 based on (1) the fact that Respondent failed to take any action regarding Ms. Catlett's civil action for six months; and (2) the fact that Respondent failed to respond to a joint motion to dismiss for failure to prosecute. Count II alleged a violation of SCR 3.130–1.16(d) resulting from (1) Respondent's abandonment of Ms. Catlett; (2) the fact that Respondent did not withdraw from Ms.

Catlett's case after she was suspended for non-payment of bar dues in February of 2002; and (3) the failure of Respondent to notify Ms. Catlett that she could no longer continue to represent her because of said suspension. Finally, in Count III, the Inquiry Commission alleged that Respondent violated SCR 3.130–8.1(b) due to her failure to respond to its complaint requesting information regarding her representation of Ms. Catlett. The Board agreed with the Inquiry Commission's allegations and found Respondent guilty on all counts.

### KBA File No. 9298

The final charge addressed herein concerns a complaint filed by Leonard Marsh on March 28, 2002. Respondent represented Marsh in his criminal case, and timely filed a brief appealing the trial court's judgment to the Court of Appeals. Mr. Marsh inquired with Respondent about the status of his appeal. Specifically, he asked Respondent about filing a reply brief. However, Respondent failed to respond. Although Respondent did forward a copy of the original appellate brief to her client at some point during the spring of 2001, she did not respond to any of his other inquiries. Furthermore, Respondent failed to advise Mr. Marsh regarding any courses of action which could be taken following the November 9, 2001, decision of the Court of Appeals, which affirmed his criminal conviction.

The Inquiry Commission issued this charge against Respondent on February 13, 2003. As was the case in the three previous charges heretofore discussed, Respondent did not respond to the initial bar complaint, nor did she answer the Inquiry Commission's charge. Thus, this case was submitted to the Board on default.

Count I alleged that Respondent violated SCR 3.130–1.4(a) and (b) by failing to respond to Mr. Marsh's requests that she

file a reply brief in response to the Commonwealth's brief and by failing to inform him of the various choices he would have at his disposal following the rendering of the opinion of the Court of Appeals. Count II alleged Respondent abandoned Mr. Marsh in violation of SCR 3.130–1.16(d). Said count was premised on the fact that Respondent took no action following the opinion of the Court of Appeals and also in her failure to advise Mr. Marsh of his legal options. The last count, Count III, alleged a violation of SCR 3.130–8.1(b) due to Respondent's failure to tender a response to the bar complaint. These counts were presented to the Board. Thereafter, the Board resolved that Respondent was guilty as to all three counts.

Respondent failed to request a notice of review in accordance with SCR 3.370(8). In view of that, pursuant to SCR 3.370(10), this Court hereby adopts the Board's recommendation to permanently disbar Respondent.

**WHEREFORE, IT IS HEREBY ORDERED THAT:**

1. Respondent, Helen M. Perry, is permanently disbarred from the practice of law in the Commonwealth of Kentucky. The period of disbarment shall begin on the date of entry of this Opinion and Order.

2. Pursuant to SCR 3.450, Respondent shall pay the costs associated with these proceedings, said sum being $636.99, for which execution may issue from this Court upon finality of this Opinion and Order.

3. Pursuant to SCR 3.390, Respondent shall, within ten days from the date of this Opinion and Order, notify all of her clients in writing of her inability to provide further legal services and shall furnish copies of such notification to the Director of the Kentucky Bar Association. Respondent is also ordered to provide such notification to all courts in which she has matters pending.

4. Respondent is directed to return, without delay, any and all case files and records she has in her possession to the respective complainants who initiated the bar complaints referenced herein.

All concur.