**KENTUCKY BAR ASSOCIATION, Petitioner,**

v.

**Mark B. GELLER, KBA Member No. 85673, Respondent.**

**No. 2004–SC–0154–KB.**

Supreme Court of Kentucky.

May 20, 2004.

Bruce K. Davis, Executive Director, Kentucky Bar Association, Jane H. Herrick, Kentucky Bar Association, Frankfort, Counsel for Petitioner.

Mark B. Geller, Louisville, Counsel for Respondent.

**OPINION AND ORDER**

Respondent, Mark B. Geller, of Louisville, Kentucky, was admitted to the practice of law in the Commonwealth of Kentucky on May 1, 1995. He was suspended from the practice of law for nonpayment of his bar dues on February 4, 2003, and has not been reinstated.

Respondent has been found guilty of four counts of professional misconduct by the Board of Governors of the Kentucky Bar Association, which recommends that he be suspended from the practice of law for a term of 181 days. Respondent has not formally contested any stage of these proceedings; therefore, we accept the recommendation of the Board.

All four counts of misconduct arise from Respondent's handling of a personal injury case. Mr. James Cherwak suffered injuries from a motor vehicle accident on October 24, 1998 and on November 19, 1998, retained Respondent to represent him. Over the next three years, Mr. Cherwak placed numerous calls to Respondent seeking information on the status of this claim. Respondent repeatedly failed to respond to Mr. Cherwak's inquiries and on the few occasions that Respondent actually did

speak with Mr. Cherwak, the facts reveal that Respondent falsely advised his client.

In one instance, Respondent reported to Mr. Cherwak that a civil suit had been filed and that the case was going to settle at any time. He then told Mr. Cherwak that the other party's insurance carrier refused to settle and that a court date had been set in August of 2001. In reality, no lawsuit had ever been filed and the statute of limitations to file suit had expired. Respondent also advised Mr. Cherwak that his medical expenses were being dealt with properly, but later essentially informed Mr. Cherwak that recovery of his medical expenses would be unlikely because of pre-existing injuries. In fact, Respondent had never attended to his client's medical bills, which were ultimately turned over to bill collectors.

Mr. Cherwak subsequently filed a legal malpractice case against Respondent in Jefferson Circuit Court. Respondent offered no defense in the case and Mr. Cherwak was awarded a judgment in the amount of $74,252.12, including $14,252.12 in medical expenses.

On April 24, 2003, the Inquiry Commission issued a four-count charge against Respondent alleging violations of SCR 3.130–1.1 (lack of competence); SCR 3.130–1.3 (lack of diligence); SCR 3.130–1.4(a) (lack of adequate communication with a client); and SCR 3.130–8.3(c) (conduct involving dishonesty, fraud, deceit or misrepresentation). Respondent was served with a copy of the charge on August 16, 2003, and again on September 19, 2003. As stated above, Respondent has never filed an answer to the charge.[1]

On February 25, 2004, the Board of Governors, by a vote of 18–0, concluded that Respondent was guilty of all four counts and recommended that Respondent be suspended from the practice of law for a period of 181 days, with said suspension to run consecutively to Respondent's current ongoing suspension for nonpayment of bar dues. Respondent did not file a notice of review pursuant to SCR 3.370(8). As such, we adopt the recommendation. SCR 3.370(10).

Accordingly, it is hereby **ORDERED** that:

1. Respondent, Mark B. Geller, is suspended from the practice of law in this Commonwealth for a period of 181 days. This period of suspension shall begin at the end of Respondent's suspension for nonpayment of bar dues and shall continue thereafter until Respondent is reinstated to the practice of law by order of this Court. SCR 3.510.

2. Pursuant to SCR 3.390, Respondent is directed to notify all of his clients and all courts in which he has matters pending of his inability to practice law in this Commonwealth, within ten days from the date of entry of this Opinion and Order. Respondent shall deliver copies of all letters of notification to the Director of the Kentucky Bar Association. In addition, Respondent shall immediately, to the extent possible, cancel and cease any advertising activities in which he is engaged.

3. Pursuant to SCR 3.450, Respondent is directed to pay the costs associated with this matter, said sum being $123.81, for which execution may issue from this Court upon finality of this Opinion and Order.

LAMBERT, C.J.; COOPER, JOHNSTONE, KELLER, STUMBO, and

---

1. It should be noted that Respondent did contact the bar association via telephone on October 8, 2003. The Office of Bar Counsel replied to Respondent's call; however, Respondent still did not answer or otherwise formally respond to the charge against him.

WINTERSHEIMER, JJ., concur.
GRAVES, J., would grant review and
impose a longer suspension.

Entered: May 20, 2004.

/s/ Joseph E. Lambert
CHIEF JUSTICE