**KENTUCKY BAR ASSOCIATION,**
**Movant,**

v.

**Edward Harold ADAIR, Respondent.**

**No. 2006-SC-000512-KB.**

Supreme Court of Kentucky.

Oct. 19, 2006.

## OPINION AND ORDER

The Board of Governors ("Board") of the Kentucky Bar Association ("KBA") has recommended to this Court that Respondent, Edward Harold Adair, who was admitted to practice law in Kentucky on October 22, 1985, and whose bar roster address is 301 Briarcliff Avenue, Apartment D–9; Oak Ridge, Tennessee 37830, be permanently disbarred from the practice of law. We agree with the Board's recommendation.

### KBA File No. 7708

In April 1999, Manis Banks hired Adair to represent her in a dissolution of marriage proceeding. Receipts given by Adair's office to Banks referred to a "nonrefundable retainer." However, there was no written agreement to that effect between Adair and Banks, as is required by Ethics Opinion E–380. Furthermore, Adair failed to notify Banks when he was suspended from the practice of law in February 2000 for noncompliance with continuing legal education requirements and, again, in April 2000 for nonpayment of bar dues. Adair continued to accept partial fee payments from Banks while he was suspended. Moreover, Adair failed to return Banks's phone calls and, apparently, did no work on her case beyond drafting a divorce petition. Finally, Adair did not return any portion of his fee when his representation was terminated.

The Inquiry Commission ("Commission") charged Adair with four counts of professional misconduct stemming from his representation of Banks. First, Adair was charged with violating Supreme Court Rule (SCR) 3.130–1.3 for allegedly failing to act with reasonable diligence and promptness in representing a client. Second, Adair was charged with violating SCR 3.130–1.4(a) for allegedly failing to communicate properly with Banks. Third, Adair was charged with violating SCR 3.130–1.15(b) for allegedly failing to return an unearned fee after being suspended. Fourth, Adair was charged with violating SCR 3.130–1.16(d) for allegedly failing to return any unearned fee after his representation of Banks was terminated.

Service of the charge was effectuated by serving the Executive Director of the KBA. Adair filed no answer to that charge. After deliberation, the Board unanimously found Adair guilty on all four counts.

### KBA File No. 7779

In April 1999, Janice Campbell paid Adair $3,000.00 to represent her son in a juvenile court matter. As with his representation of Banks, the receipts Adair's office provided Campbell referred to a "nonrefundable retainer." Adair failed to gather witnesses and, also, failed to make scheduled court appearances. Moreover, Campbell had great difficulty contacting Adair because his telephone was disconnected and he had been evicted from his office. Despite those problems, Adair refused to return any unearned portions of his fee.

The Commission charged Adair with four counts of professional misconduct. First, Adair was charged with one count of violating SCR 3.130–1.3 for allegedly failing to act with reasonable diligence and promptness when representing a client. Count II charged Adair with violating SCR 3.130–1.4(a) for allegedly failing to communicate properly with a client. Count III charged Adair with violating SCR 3.130–1.15(b) for failing to return an unearned fee after being suspended from the practice of law. Count IV alleged that Adair violated SCR 3.130–1.16(d) by failing to return an unearned fee after his representation had been terminated. Adair was served with notice of this charge in the

same manner as previously noted in KBA File No. 7708, with the additional fact that Adair signed for the certified mail that contained a copy of the charge. Adair filed no response to the charge. After deliberation, the Board unanimously found Adair guilty on all four counts.

### KBA File No. 7789

In June 1999, Ricky Campbell paid Adair $500.00 to represent him in a DUI case. Adair failed to notify Campbell of two court dates, which resulted in the issuance of a bench warrant for Campbell. Adair told Campbell that he filed a motion to suppress and that he would file the affidavit of a physician with the court. Adair charged Campbell $250 for this additional work, which he failed to perform. Nevertheless, Adair did not return any of the fee.

The Commission charged Adair with violating SCR 3.130–1.4(a) for failing to keep his client informed as to the status of his case. Adair was served with notice of this charge in the same manner as previously noted in KBA File No. 7779. Adair filed no response to the charge. After deliberation, the Board unanimously found Adair guilty.

### KBA File No. 7911

In May 1999, Hulda Faye Young paid Adair $875.00 to represent her in two cases. But there is no proof that Adair did any work on Young's cases. Adair failed to return Young's calls, nor did he return any of his fee.

The Commission charged Adair with two counts of professional malpractice stemming from his representation of Young. First, the Commission charged Adair with violating SCR 3.130–1.3, which requires an attorney to act with reasonable diligence when representing a client. Second, the Commission charged Adair with violating

SCR 3.130–1.4(a), which requires an attorney to keep a client reasonably informed about the status of the client's case. Adair was served with notice of this charge in the same manner as previously noted in KBA File No. 7779. Adair filed no response to the charge. After deliberation, the Board unanimously found Adair guilty on both counts.

### KBA File No. 7996

In October 1998, Vernon and Myrtle Hayes paid Adair $1,802.00 to represent them in a real property dispute. As with earlier cases, receipts given to the Hayeses refer to a "nonrefundable retainer." Again, however, there was no written agreement between Adair and the Hayeses showing that any portion of Adair's fee was nonrefundable, as is required by Ethics Opinion E–380. Additionally, there is no indication that Adair performed any work on the matter, other than writing two letters. Nonetheless, Adair did not refund any portion of his fee when his representation was terminated. Moreover, Adair did not notify the Hayeses when he was suspended from the practice of law in February 2000. When they heard rumors of Adair's suspension, the Hayeses attempted to contact him; but those efforts were unsuccessful.

The Commission charged Adair with four counts of professional misconduct stemming from his representation of the Hayeses. Count I charged Adair with violating SCR 3.130–1.3 for failing to act with reasonable diligence and promptness in representing a client. Count II charged Adair with violating SCR 3.130–1.4(a) for failing to communicate properly with a client. Count III charged Adair with violating SCR 3.130–1.15(b) for failing to return unearned fees following his suspension from the practice of law. Count IV charged Adair with violating SCR 3.130–

1.16(d) for failing to return unearned fees after the termination of his representation. Adair was served with notice of this charge in the same manner as previously noted in KBA File No. 7779. Adair filed no response to the charge. After due deliberation, the Board unanimously found Adair guilty on all four counts.

### KBA File No. 8051

In 1999, Flora Click paid Adair $1,250.00 to represent her in a real property dispute. As before, receipts given to Click by Adair's office refer to a "nonrefundable retainer," despite the fact that no written agreement to that effect was effectuated between Adair and Click, contrary to the requirements of Ethics Opinion E–380. Also, Adair failed to notify Click of his February 2000 suspension from the practice of law. Moreover, there is no indication that Adair filed any court documents to support Click's position, nor did he return any portion of his fee after his representation was terminated.

The Commission charged Adair with four counts of professional misconduct stemming from his representation of Click. Count I charged Adair with violating SCR 3.130–1.3 by failing to act with reasonable diligence and promptness in representing a client. Count II charged Adair with violating SCR 3.130–1.4(a) by failing to communicate properly with a client. Count III charged Adair with violating SCR 3.130–1.15(b) by failing to return unearned fees after being suspended from the practice of law. Count IV charged Adair with violating SCR 3.130–1.16(d) by failing to return unearned fees after the termination of his representation. Adair was served with notice of this charge in the same manner as previously noted in KBA File No. 7779. Adair filed no response to the charge. After due delibera-

tion, the Board unanimously found Adair guilty on all four counts.

### KBA File No. 8140

In October 1998, Donna Oliver paid $600.00 to Adair to represent her in a child support matter. As with many of the previous complaints, receipts given to Oliver by Adair's office refer to a "nonrefundable retainer," despite the lack of a written agreement to that effect between Adair and Oliver, contrary to the requirements of Ethics Opinion E–380. Furthermore, there is no indication that Adair did any work on Oliver's case. Indeed, there is no proof that Adair ever filed an action on Oliver's behalf or even communicated with her after being retained. Oliver's attempts to contact Adair were unsuccessful. Nonetheless, Adair did not return any portion of the fee after his representation was terminated.

The Commission charged Adair with four counts of professional misconduct stemming from his representation of Oliver. Count I charged Adair with violating SCR 3.130–1.3 by failing to act with reasonable diligence and promptness in representing a client. Count II charged Adair with violating SCR 3.130–1.4(a) by failing to communicate properly with a client. Count III charged Adair with violating SCR 3.130–1.15(b) by failing to return unearned fees after being suspended from the practice of law. Count IV charged Adair with violating SCR 3.130–1.16(d) by failing to return unearned fees after the termination of his representation. Adair was served with notice of this charge in the same manner as previously noted in KBA File No. 7779. Adair filed no response to the charge. After due deliberation, the Board unanimously found Adair guilty on all four counts.

After having found Adair guilty on all the charges discussed above, the Board

began its penalty phase deliberations. During that phase, the Board considered Adair's prior disciplinary record. Namely, as noted earlier, Adair had been suspended twice in 2000, once for noncompliance with continuing legal education requirements, and once for nonpayment of bar dues. Additionally, in 2005, Adair had been suspended for 181 days for failing to return unearned fees, failing to inform his clients of his earlier suspensions, and failing to communicate properly with his clients.[1] That order of suspension required Adair to notify, in writing, all clients and all courts in which he may have matters pending and to provide the KBA's director with a copy of all such letters. But Adair failed to provide any such letters to the director. And Adair failed to notify the director of his arrangements to return all unearned client fees and property, as was required in our order of suspension. Additionally, the Board noted that Adair had been issued a private reprimand in January 2005 for failing to comply with court-ordered child support.

Based on Adair's demonstrated pattern of failing to exercise due diligence; failure to communicate properly with his client; failure to return unearned fees; failure to notify clients of his prior suspensions; failure to perform properly and timely the work for his clients; and failure to take proper steps, such as return of any unearned fees after his representation had been terminated, the Board voted 13–1 permanently to disbar Adair from the practice of law.[2] Adair has not filed a notice for this Court to review the Board's decision, and we do not elect to review the decision of the Board under SCR 3.370(8). The decision of the Board is hereby adopted under SCR 3.370(10).

ACCORDINGLY, IT IS ORDERED THAT:

1) Respondent, Edward Harold Adair, is permanently disbarred from the practice of law;

2) In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $863.35, for which execution may issue from this Court upon finality of this Opinion and Order; and

3) Under SCR 3.390, Respondent shall, within ten (10) days from the entry of this Opinion and Order:

(a) to the extent possible, cancel and cease any advertising activities in which he is engaged; and

(b) notify all clients, in writing, of his inability to represent them; notify all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

All concur.

ENTERED: October 19, 2006.

/s/ Joseph E. Lambert
Chief Justice

---

1. *See Kentucky Bar Association v. Adair,* 155 S.W.3d 43 (Ky.2005).

2. One member voted to suspend Adair from the practice of law for five years.