**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Mark B. GELLER, Respondent.**

**No. 2006–SC–000793–KB.**

Supreme Court of Kentucky.

Jan. 25, 2007.

---

## OPINION AND ORDER

The Board of Governors ("Board") of the Kentucky Bar Association ("KBA") has recommended to this Court that Respondent, Mark B. Geller, who was admitted to the practice of law in May 1995 and whose bar roster address is 4212 Machupe Drive; Louisville, Kentucky 40241, be permanently disbarred from the practice of law. We agree with the Board's recommendation.

In 1999, Lynessa Staples retained Geller to represent her in a dissolution of marriage proceeding. Staples met Geller three times, provided all the information Geller requested, signed a petition for dissolution of marriage, and paid Geller $500.00 for his services. Geller told Staples that the divorce should be a "very easy process" because no children were involved, and the amount of marital property was limited. Later, Geller told Staples that her divorce was final; but he did not provide her a copy of the decree.

In 2005, Staples remarried. After an immigration official inquired about the divorce decree during the course of investigating Staples's new husband's citizenship application, Staples discovered that Geller had never filed her petition for dissolution of marriage. Staples retained a new attorney and, eventually, obtained a decree dissolving her first marriage.

Geller was charged with four counts of professional misconduct.

- Count I charged him with violating Supreme Court Rule (SCR) 3.130(1.3), failing to exercise reasonable diligence in representing a client.
- Count II charged him with violating SCR 3.130(1.4)(a), failing to keep a client reasonably informed about the status of a case.
- Count III charged Geller with violating SCR 3.130(8.3)(c), engaging in conduct involving fraud, deceit, dishonesty, or misrepresentation.
- Count IV charged Geller with violating SCR 3.130(8.1)(b), failing to respond to a

lawful demand for information from a bar disciplinary authority.

Geller did not respond to the charges. The Board of Governors unanimously voted to find Geller guilty of all four charges and to recommend that Geller be permanently disbarred from the practice of law.

Geller's utter failure timely and fully to fulfill his professional obligations toward Staples is unacceptable. Sadly, Geller's improper representation of Staples's interests is the latest incident in a pattern of serious professional misconduct.

Geller's professional misconduct has come before us on four recent occasions. In February 2003, we suspended Geller for nonpayment of bar dues. In May 2004, we suspended Geller for 181 days for his failure to file a suit on behalf of a client despite having told his client that the suit had been filed and a settlement was imminent.[1] In August 2004, we suspended Geller for two years for failing to file a bankruptcy pleading on behalf of a client.[2] Most recently, we suspended Geller for three years for having failed to effectuate service of process on defendants (which led to Geller's client's action being dismissed for failure to prosecute), and for Geller's failure to attend several hearings.[3] At that time, eight members of the Board of Governors voted for permanent disbarment of Geller based on his repeated ethics lapses.[4]

Geller's regrettable pattern of serious misconduct reflects poorly upon both him and the legal profession. As we stated in another case, "[w]hile disbarment is an extreme penalty, respondent has failed to demonstrate good cause why the Board of Governor's report recommending disbarment should not be adopted. Respondent failed to respond to the complaint, the charge[,] or the Board of Governors. He has not presented this Court with any newly-discovered matters or even a good reason why this Court should not adopt the Board's recommendation pursuant to SCR 3.370."[5] And we believe disbarment is proper in this case since we have previously disbarred attorneys who have engaged in similar types of professional misconduct.[6] Thus, based on Geller's lengthy history of improper conduct, we believe the Board's recommendation of permanent disbarment is amply justified. Geller has not filed a notice of review under SCR 3.370(8), nor do we elect to review the decision of the Board under SCR 3.370(9), meaning that the decision of the Board is hereby adopted under SCR 3.370(10).

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1) Respondent, Mark B. Geller, is permanently disbarred from the practice of law;

2) In accordance with SCR 3.450, Geller is directed to pay all costs associated with these disciplinary proceedings against him,

1. *Kentucky Bar Association v. Geller*, 133 S.W.3d 473 (Ky.2004).

2. *Kentucky Bar Association v. Geller*, 141 S.W.3d 365 (Ky.2004).

3. *Kentucky Bar Association v. Geller*, 188 S.W.3d 431 (Ky.2006).

4. *Id.* at 432.

5. *Kentucky Bar Association v. Roney*, 862 S.W.2d 315, 317 (Ky.1993).

6. *See, e.g., Kentucky Bar Association v. Perry*, 122 S.W.3d 61 (Ky.2003) (disbarring attorney who repeatedly abandoned clients and who had a previous disciplinary history); *Kentucky Bar Association v. Adair*, 203 S.W.3d 144 (Ky. 2006) (disbarring attorney who had prior disciplinary history for, among other matters, failing to perform work on clients' cases despite having been paid by the clients).

said sum being $246.09, for which execution may issue from this Court upon finality of this Opinion and Order; and

3) Under SCR 3.390, Geller shall, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify all courts, in writing, in which he has matters pending of his disbarment from the practice of law; and furnish copies of said letters of notice to the Executive Director of the Kentucky Bar Association. Furthermore, to the extent possible, Geller shall immediately cancel and cease any advertising activities in which he is engaged.

All concur.

ENTERED: January 25, 2007.

/s/ Joseph E. Lambert
Chief Justice