TO BE PUBLISHED

# Supreme Court of Kentucky

## 2008-SC-000792-KB

DATE 5/21/09 *Kelly Klabor D.C.*

KENTUCKY BAR ASSOCIATION                                    MOVANT

V.                          IN SUPREME COURT

KIRK S. BIERBAUER                                      RESPONDENT

## OPINION AND ORDER

The Kentucky Bar Association (KBA) moves this Court pursuant to SCR 3.370(8) to review the Board of Governors' (hereinafter the Board) decision in this matter because the Board was unable to reach the required votes to make a recommendation on whether Kirk S. Bierbauer was guilty of violating SCR 3.130-8.1(b) and what discipline should be imposed on Bierbauer. Having reviewed the facts of this case, this Court agrees with the KBA that Bierbauer is guilty of violating SCR 3.130-8.1(b), and that Bierbauer should be permanently disbarred for his misconduct.

Bierbauer, whose KBA member number is 87329 and whose bar roster address is 1069 Spring Run Road, Lexington, Kentucky, 40514, was admitted to practice law in this Commonwealth on October 9, 1998. From July 2004 till December 2005, Bierbauer engaged in serious professional misconduct, culminating in his arrest on December 20, 2005, for attempting to

manufacture crystal methamphetamine in his Lexington residence. Bierbauer's conduct during this period resulted in five different KBA cases being filed against him, which were all presented to the Board as default cases on September 12, 2008. In addition to these multiple KBA cases, Bierbauer was suspended from the practice of law on December 1, 2005, for failing to pay his bar dues and not obtaining the required minimum continuing legal education credits.

### KBA File 13651

In July 2004, Ansar McIver hired Bierbauer to represent him in a criminal matter in the Fayette Circuit Court. However, Bierbauer never completed any work for Mr. McIver, never filed any motions on his behalf, and never returned any of Mr. McIver's telephone calls. This conduct resulted in a three-count charge issued by the Inquiry Commission on December 13, 2007, alleging that Bierbauer had violated SCR 3.130-1.3 for failing to act with reasonable diligence, SCR 3.130-1.4(a) for failing to keep a client reasonably informed, and SCR 3.130-8.1(b) for failing to respond to a lawful demand for information from a disciplinary authority.

### KBA File 13571

On December 20, 2004, Bierbauer appeared in the Larue Circuit Court on behalf of John Brady, a client Bierbauer was representing in a criminal matter. Neither Bierbauer nor Brady, however, appeared at a pretrial conference scheduled on September 2, 2005, which resulted in the circuit court entering a bench warrant for Brady and a show cause order for Bierbauer. A month later, on October 3, 2005, Brady appeared in the Larue

2

Circuit Court and explained that Bierbauer had not informed him of the pretrial conference and that despite paying Bierbauer $2,500 for representation, he had been unable to locate Bierbauer. Although the court attempted to locate Bierbauer at the address he provided, all mail was eventually returned as "unable to forward." On January 2, 2008, the Inquiry Commission issued a five-count charge against Bierbauer for his misconduct in representing Brady. The charge alleged that Bierbauer violated SCR 3.130-1.3 for failing to act with reasonable diligence, SCR 3.130-1.4(a) for failing to keep a client reasonably informed, SCR 3.130-1.16(d) for failing to refund an unearned fee, SCR 3.130-3.4(c) for knowingly or intentionally disobeying an obligation under the rules of a tribunal, and SCR 3.130-8.1(b) for failing to respond to a lawful demand for information from a disciplinary authority.

## KBA File 13758

In February of 2005, Ashley Noe paid Bierbauer $550 to represent her in a criminal matter in the Woodford District Court. Noe also assigned her $200 bond to Bierbauer. After the trial court denied Noe's motion to suppress, Bierbauer entered a conditional guilty plea for Noe, which could be withdrawn if Noe's appeal challenging the trial court's ruling on the suppression motion was successful. Bierbauer, however, never appeared at Noe's subsequent hearing and never filed her appeal. Bierbauer's conduct in this instance resulted in a four-court charged issued by the Inquiry Commission on December 13, 2007, charging Bierbauer with violating SCR 3.130-1.3 for failing to act with reasonable diligence, SCR 3.130-1.4(a) for failing to keep a client reasonably informed, SCR 3.130-1.16(d) for failing to protect a client's interests

3

and refund advance payment of any unearned fee upon termination of representation, and SCR 3.130-8.1(b) for failing to respond to a lawful demand for information from a disciplinary authority.

## KBA File 13027

In early 2005, James McElroy hired Bierbauer and paid him $600 for his representation in a criminal matter. Despite numerous phone calls from McElroy, Bierbauer never contacted his client and never appeared in court on McElroy's behalf. Subsequently, on December 13, 2007, the Inquiry Commission issued a four-court charge against Bierbauer, alleging that this conduct amounted to a violation of SCR 3.130-1.3 for failing to act with reasonable diligence, SCR 3.130-1.4(a) for failing to keep a client reasonably informed, SCR 3.130-1.16(d) for failing to refund an unearned fee, and SCR 3.130-8.1(b) for failing to respond to a lawful demand for information from a disciplinary authority.

## KBA File 13746

On December 20, 2005, a Montgomery County, Ohio police officer arrested Bierbauer for attempting to purchase a quantity of cold medicine at the local Wal-Mart. This arrest led to the search and seizure of evidence commonly used to manufacture methamphetamine at Bierbauer's Lexington, Kentucky residence. Thereafter, on May 10, 2006, Bierbauer pled guilty in U.S. District Court for violating 21 USC § 846, attempted manufacture of methamphetamine, and was sentenced to twenty-four months incarceration and three years supervised release. The following day, on May 11, 2006, Bierbauer was suspended from the practice of law in this Commonwealth

4

pursuant for SCR 3.166. On December 13, 2007, the Inquiry Commission issued a two-count charge against Bierbauer, alleging that Bierbauer violated SCR 3.130-8.1(b) for failing to respond to a lawful demand for information from a disciplinary authority and SCR 3.130-8.3(b) for committing a criminal act that reflects on a lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects.

Bierbauer did not file a response to any of the charges filed against him. Therefore, on September 12, 2008, all five files appeared before the Board of Governors as default cases. On October 22, 2008, the Board filed their findings of fact and conclusions of law with the Disciplinary Clerk, in which they recommended that Bierbauer be found guilty of all the counts charged in all his cases, except for one count of violating SCR 3.130-8.1(b) in KBA File 13027. With regard to this count, nine members of the Board found Bierbauer guilty of failing to respond to a lawful demand for information, while six members found him not guilty. However, as required in SCR 3.370(6), a finding of guilt must be agreed upon by eleven members of the Board. Thus, the Board's inability to reach the required eleven votes on this count in KBA File 13027 is one basis for the KBA's current motion before this Court. The second basis for this motion is the Board's inability to reach the required eleven votes on the appropriate discipline to be imposed on Bierbauer. Nine members of the Board voted to impose a five-year suspension on Bierbauer, while six members voted to permanently disbar him. After reviewing the facts of this case, this Court finds that Bierbauer is clearly guilty of violating SCR

3.130-8.1(b) in KBA File 13027, and that Bierbauer should be permanently disbarred form the practice of law in this Commonwealth.

## I. Bierbauer Violated SCR 3.130-8.1(b) in KBA File 13027.

SCR 3.130-8.1 states that "a lawyer . . . in connection with a disciplinary matter, shall not . . . knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority . . . ." Although this Rule does not expressly state that a bar complaint or an Inquiry Commission charge is "a lawful demand for information," this Court has consistently adopted such an interpretation and has held that a lawyer who fails to respond to a bar complaint or charge violates SCR 3.130-8.1(b). Heist v. KBA, 951 S.W.2d 326 (Ky. 1997) (finding an attorney guilty of violating SCR 3.130-8.1 when he failed to respond to two bar complaints filed against him and to the charge issued by the Inquiry Tribunal); Gilliam v. KBA, 8 S.W.3d 571 (Ky. 2000) (holding that an attorney violated Rule 8.1 when he failed to respond to the bar complaint served on him by the sheriff); KBA v. Perry, 102 S.W.3d 507 (Ky. 2003) (finding a lawyer guilty of violating SCR 3.130-8.1 for failing to respond to a bar complaint); KBA v. Griffith, 186 S.W.3d 739 (Ky. 2006) (holding that an attorney violated SCR 3.130-8.1 for not responding to the charges brought by the KBA).

In KBA File 13027, Bierbauer not only failed to respond to the bar complaint filed against him, but also repeatedly failed to answer the charge issued by the Inquiry Commission. The bar complaint filed by James McElroy was mailed to Bierbauer on May 31, 2005. Although this first copy was returned as "unclaimed," the Fayette County Sheriff's Department personally

6

served a copy of the complaint on Bierbauer on August 31, 2005, with an attached cover letter notifying Bierbauer that failing to respond to this lawful demand for information may subject him to an additional charge of violating SCR 3.130-8.1(b). After Bierbauer failed to respond, the Sheriff's Department served him with a reminder letter on January 9, 2006, which also included another cover letter with the same warning about violating SCR 3.130-8.1(b).

Subsequently, after the Inquiry Commission issued its December 13, 2007 charge, a copy of the charge was mailed to Bierbauer on January 7, 2008, at the Federal Correctional Institute in Lisbon, Ohio, where he was incarcerated, and a reminder letter was mailed to Bierbauer on January 30, 2008. Pursuant to SCR 3.175, service of this Charge was made on the Executive Director of the KBA on April 16, 2008.[1] The KBA also mailed a second reminder letter to Bierbauer at his bar roster and prison address on August 13, 2008. Despite the six opportunities Bierbauer had to respond to the multiple notices provided to him, he has yet to provide a response to any of the charges brought against him. Thus, Bierbauer plainly violated SCR 3.130-8.1(b) as charged in KBA File 13027.

## II. Bierbauer Should Be Permanently Disbarred From the Practice of Law.

The KBA argues that based on this Court's previous case law, Bierbauer's egregious conduct warrants permanent disbarment. As noted above, Bierbauer has not responded to the charges brought against him and

---

[1] SCR 3.175 states that "every member of the Association shall be deemed to have appointed the Director as that member's agent for service of any document that is required to be served upon that member by any provision of Supreme Court Rules 2 or 3 . . . ."

has made no effort to inform this Court of reasons why permanent disbarment would be inappropriate. Therefore, we agree with the KBA's recommendation and order that Bierbauer be permanently disbarred.

Here, permanent disbarment is warranted because from July 2004 till December 2005, Bierbauer swindled a total of $3,850 from his clients, failed to represent four clients even after accepting their money and promising to be their counsel, and was arrested (and ultimately convicted) for the attempted manufacturing of methamphetamine. This conduct resulted in the KBA charging Bierbauer with a total of eighteen violations, which Bierbauer has still failed to answer or defend. This Court has disbarred attorneys in previous cases for misconduct similar to Bierbauer's.

In KBA v. Geller, 211 S.W.3d 58 (Ky. 2007), Geller accepted $500 from a client in exchange for his representation in a divorce proceeding. However, Geller never filed the divorce petition even though he informed his client that the divorce was final. Id. The Inquiry Commission issued charges against Geller that were similar to Bierbauer's current charges, alleging that Geller violated SCR 3.130-1.3, SCR 3.130-1.4(a), 3.130-8.3(c), and 3.130-8.1(b). After agreeing that Geller was guilty of all the charges, this Court agreed with the Board of Governors that Geller should be permanently disbarred. Like Geller, Bierbauer, through his failed representation of four different clients, established a "regrettable pattern of serious misconduct" that reflected "poorly upon both him and the legal profession." Id. at 59.

Although Geller had a lengthier history of discipline in his case,[2] Bierbauer's case also involves a felony drug conviction. This Court takes very seriously Bierbauer's felony conviction for attempting to manufacture crystal methamphetamine. Because Bierbauer has failed to respond to any of the charges brought against him by the KBA, this Court is unaware of whether Bierbauer was attempting to manufacture the drug for his own personal use or for distribution and sale to others. Regardless, Bierbauer's criminal conduct in this instance demonstrates his utter lack of respect for the law, his potential danger to his community, and his disdain for maintaining the public's respect of and trust in the legal profession.

The cases of KBA v. Adair, 203 S.W.3d 144 (Ky. 2006), and KBA v. Scalf, 42 S.W.3d 622 (Ky. 2001), also involve attorneys who were permanently disbarred for engaging in a pattern of accepting money from clients without performing the bargained for tasks or returning the money. Adair's case involved seven KBA files, seven different clients, twenty-three violations, and the conversion of approximately $14,027 of unearned fees, Adair, 203 S.W.3d at 145-148; while Scalf's case involved six KBA files, six different clients, twenty separate violations, and the conversion of nearly $16,000 of unearned fees, Scalf, 42 S.W.3d at 623. Although Bierbauer's case may involve fewer clients and a smaller monetary amount—Bierbauer's case involved five KBA files, four different clients, eighteen different violations, and the conversion of

---

[2] Bierbauer's history of prior discipline includes a private admonition in 2004 for violating SCR 3.130-1.15(a) (failure to keep a client's money in a separate account), a suspension for nonpayment of bar dues and noncompliance with the minimum CLE requirements in 2005, and an automatic suspension in 2006 following his drug-related felony conviction.

9

$3850 of unearned fees—the fact remains that Bierbauer's misconduct is intensified due to his felony drug conviction and his complete failure to respond to the KBA's recommendation that he be permanently disbarred.

As the KBA acknowledges, Rule 9.2 of the *American Bar Association's Standards for Imposing Lawyer Sanctions* lists aggravating factors that justify an increase in the degree of discipline imposed on an attorney. Seven of these factors are present in Bierbauer's case, including:

> (a) a prior disciplinary history;
> (c) a pattern of misconduct;
> (d) multiple offenses;
> (g) refusal to acknowledge the wrongful nature of the conduct;
> (h) vulnerability of the victims;
> (j) indifference to making restitution;
> (k) and illegal conduct, including that involving controlled substances.

In this case, Bierbauer not only deceived multiple clients and received a felony drug conviction, but also, in failing to respond to any of the charges, he has refused to admit any wrongdoing to this Court, justify his involvement with methamphetamine, and explain why he should not be permanently disbarred. Thus, this Court adopts the recommendation made to it by the KBA.

Therefore, it is hereby ORDERED that:

1. Kirk S. Bierbauer is guilty of violating SCR 3.130-8.1(b) as charged in Count IV of KBA File 13027.

2. Kirk S. Bierbauer is permanently disbarred from the practice of law.

3. Pursuant to SCR 3.450, Kirk S. Bierbauer is directed to pay all costs associated with these disciplinary proceedings in the amount of $1,269.16.

4.  Pursuant to SCR 3.390, Kirk S. Bierbauer shall, within ten (10) days from the entry of this opinion and order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of all letters of notice to the Executive Director of the Kentucky Bar Association.  Furthermore, to the extent possible, Bierbauer shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting.  All concur.

Entered March 19, 2009.

CHIEF JUSTICE