Mildred ABBOTT and Other Individual Appellants as Designated in the Notice of Appeal, Appellants

v.

Shirley A. CUNNINGHAM, Jr.; Melbourne Mills, Jr.; William J. Gallion; Mary Meade–McKenzie, Esq.; James A. Shuffett, Esq.; David E. Davidson, Esq.; and The Law Firm of Davidson Rieger Oldfield & Smith, PLLC; Cors & Bassett, LLC; Calvin R. Fulkerson, Esq.; and The Law Firm of Lynn Fulkerson Nichols & Kinkel; Andre F. Regard, Esq.; Dobson, Davis & Smith; O. Hale Almand, Esq.; and The Law Firm of Almand & Wiggins, P.S.C.; and W. Robert Lotz, Esq., Appellees.

No. 2010–CA–000147–MR.

Court of Appeals of Kentucky.

May 25, 2012.

Case Ordered Published by Court of Appeals July 20, 2012.

Angela M. Ford, Seth Jared Johnston, Lexington, KY, for appellants.

James A. Shuffett, Lexington, KY, for appellees Melbourne Mills, Jr. and James A. Shuffett.

Jeffrey J. Harmon, Cincinnati, OH, for appellee Cors & Bassett, LLC.

W. Robert Lotz, Covington, KY, for appellee W. Robert Lotz.

Katherine W. Ross, Andre F. Regard, Lexington, KY, for appellee Andre F. Regard.

Calvin R. Fulkerson, J. Christian Lewis, Lexington, KY, for appellees Calvin Fulkerson and Lynn, Fulkerson, Nichols and Kinkel.

J. Stephen Smith, Fort Mitchell, KY, for appellees David E. Davidson, Stephen S. Dobson III and O. Hale Almand.

No Briefs Filed for appellees Shirley A. Cunningham, Jr.; J. Gallion; and Mary Meade–McKenzie.

Before CLAYTON, STUMBO, and THOMPSON, Judges.

## OPINION

CLAYTON, Judge:

This is an appeal from interlocutory orders of the Boone Circuit Court. For the foregoing reasons, we affirm in part, reverse in part and remand this action to the trial court for further findings consistent with this opinion.

## BACKGROUND INFORMATION

The Appellants are former clients of Appellees Shirley A. Cunningham, Jr., William J. Gallion and Melbourne Mills, Jr. (the "Judgment Debtors"). The Judgment Debtors were members of Tandy, LLC. The original judgment from which this action sprang was a 2007 money judgment in the amount of $42,000,000 against the Judgment Debtors. Appellees David E. Davidson and Stephen S. Dobson, III were attorneys for Cunningham with whom they had a written flat fee agreement in a 2007

criminal case in federal court (the "Criminal Case").

Concurrent with the Criminal Case, the Judgment Debtors were involved in the case of *Abbott, et al. v. Chelsey, et al.* in Boone Circuit Court (the "Civil Case"). Some of the Appellees represented the Judgment Debtors in the Criminal Case, while others represented them in the Civil Case. It was from the Civil Case that the money judgment set forth above was entered.

Appellees Cors and Bassett, LLC were also attorneys for Cunningham and Gallion and were paid out of their client trust account on an hourly basis. Appellee Mary Meade–McKenzie was counsel for Gallion in the Civil Case. Appellee James A. Shuffett represented Mills in the Criminal Case and Civil Case matter pursuant to a flat fee agreement. Fulkerson & Kinkel represented Mills in a malpractice action. At the time the garnishment was received, the deductible that Mills had paid had been exhausted and Fulkerson & Kinkel were being paid by the malpractice insurance carrier.

O. Hale Almand, and W. Robert Lotz represented Gallion. Almand had a flat fee agreement to represent Gallion in the Criminal Case. Lotz had a retainer agreement with Gallion which was paid to Lotz as the work was performed. Lotz was contractually obligated to represent Gallion in the federal Criminal Case. Andre F. Regard represented Tandy, LLC and was paid by the interim receiver. The attorneys representing the Judgment Debtors will hereinafter be referred to collectively as the "Attorneys."

In compensation for fees in both cases, the Judgment Debtors transferred monies to the Attorneys. Thereafter, the Appellants filed garnishments on the accounts of the Attorneys and eventually filed a petition in the Boone Circuit Court to enforce the garnishments through attachment of assets. The Attorneys fought the attachment, arguing that the transferred cash was payment for services they provided and would continue to provide in the Criminal Case and/or the Civil Case. The trial court denied the Appellants' petition to attach garnished assets. After an in camera review of the fee, the trial court granted the Attorneys leave to apply the money they held in client trust accounts as legal fees accrued by the Judgment Debtors and gave the Appellants a lien on any monies which were not used as attorney's fees.

Appellants now ask us to review the trial court's denial of their petition, arguing that the trial court incorrectly found that the contents of an attorney's client trust account either do not belong to the client or are not subject to garnishment.

## STANDARD OF REVIEW

"The trial court's interpretation of a garnishment or exemption statute is ... a question of law." *Brown v. Commonwealth,* 40 S.W.3d 873, 875 (Ky.App. 1999). As a reviewing court, we review questions of law de novo. *Id.* Thus, we will review the trial court's decision in this case de novo.

## DISCUSSION

The Appellants first argue that the trial court incorrectly concluded that the garnishments did not entitle them to immediately recover assets in the possession of the Attorneys. Kentucky Revised Statutes (KRS) 425.501 provides that:

(5) If the court finds that the garnishee was, at the time of service of the order upon him, possessed of any property of the judgment debtor, or was indebted to him, and the property or debt is not exempt from execution, the court shall

order the property or the proceeds of the debt applied upon the judgment.

■ Cors & Bassett, Fulkerson & Kinkel, and Regard had already applied all the funds that they held as retainers as fees in their escrow accounts prior to service of the garnishment. Consequently, we find there were no remaining fees upon which an attachment would stand against these Attorneys and affirm the decision of the trial court as to them.

Meade–McKenzie has filed no brief in the case nor has she had counsel appear on her behalf. The Appellants argue that funds to her were redirected by Tandy, LLC. They argue that it was a sham transaction and that Meade–McKenzie had the Judgment Debtors' assets and not the assets of Tandy, LLC.

■ As to the remaining Attorneys, Appellants argue that since the garnishment statute does not provide an exception for garnishees that have been retained as counsel of the debtor, the money paid to the Attorneys and which remained in their trust accounts at the time of their judgment was subject to garnishment. The Attorneys representing the Judgment Debtors in the Criminal Case, however, argue that their written flat fee agreement with the Judgment Debtors existed months before the Appellants obtained their judgment against them in August of 2007.

Appellants argue that funds held by a debtor's attorney are not exempt from attachment even if they have been transferred to the attorney. In other words, they contend that they are entitled to recover the monies the Attorneys have in their escrow/client trust accounts. While the Appellants contend that there is no Kentucky caselaw on point, they argue that other jurisdictions have held that debtor assets held in these types of accounts may be attached by a judgment creditor.

Rules of the Supreme Court (SCR), Rules of Professional Conduct, 3.130, provides that the contents of an attorney's escrow account belong to the clients for which they have been deposited. The Virginia case of *Marcus, Santoro & Kozak, P.C. v. Hung–Lin Wu,* 274 Va. 743, 652 S.E.2d 777, 782 (Va.2007), held that:

> Clients' funds deposited in an attorney's trust account are funds held in trust. As such, the claim of such clients for return of funds is more than merely a personal claim against the attorney for the payment of the sum of money on deposit. The clients retain an equitable or beneficial ownership interest in the funds. The deposit of one client's funds in an account with funds of other clients does not destroy the beneficial interest of the clients in the funds so deposited. Thus, the clients are entitled to those funds to the extent their equitable ownership interests can be traced. [Citations omitted].

In *Iowa Supreme Court Bd. of Professional Ethics and Conduct v. Frerichs,* 671 N.W.2d 470, 476 (Iowa 2003), the Court held that payment in advance for services "represent[s] money that still belongs to the client after it is paid to an attorney and must be deposited in a client trust account." With this background in mind, the court in *Marcus, supra,* held that funds which had been paid in advance by clients and not earned by the time of the judgment were subject to garnishment.

The Attorneys, however, argue that a "flat fee" arrangement is different. In SCR 3.130(1.5(8)), a "flat fee" is considered different due to the added risk the attorney takes should litigation and representation of the client be more difficult than first expected. Appellants, on the other hand, contend that the "flat fee" agree-

ments for legal services do not defeat the impact of the garnishments and that the funds may be attached. In the present case, however, there was not a "portion" of the fee designated as nonrefundable. Instead, the entire fee was earned when the Attorneys took their fee from the Judgment Debtors. Their argument, in essence, is that the fee was earned upon their acceptance of it.

In *Kentucky Bar Ass'n v. Adair,* 203 S.W.3d 144 (Ky.2006), the Kentucky Supreme Court based part of its holding on Kentucky Bar Association Ethics Opinion E–380, which provides that:

Lawyers may designate some amount of a client's written fee payment for a particular case or matter as a "NON-REFUNDABLE RETAINER" with the intention to make it clear to the client that a portion of the fee is earned at the time of payment and commencement of the representation, and that if the client discharges the lawyer, this advanced fee payment will not be returned. For example, a lawyer may agree to represent a client in a divorce case and require the payment of a "non-refundable retainer" as there is initial work and responsibility assumed in the process of accepting the matter and defining client rights. Moreover, the client, when establishing the lawyer-client relationship intentionally creates a conflict of interest that would preclude representation of the other spouse. Some clients are irresolute-indeed, some would flit from lawyer to lawyer. The non-refundable retainer secures an appropriate degree of commitment from the client and ensures that the lawyer will be compensated for time and responsibility invested and for the risk assumed in the early stages of a matter.

Ethics Opinion KBA E–380 (Issued June 1995).

After examining the fee agreements entered into between the Attorneys and the Judgment Debtors at issue herein, the trial court found there were no remaining monies which could be attached until after representation by the Attorneys had come to a conclusion. The trial court also reserved the right to examine the fees of Davidson, Almand, Dobson and Lotz for "reasonableness" after the Criminal Case was over.

We conclude that a "flat fee," such as the ones accepted in the Criminal Case herein, are earned immediately by the attorney due to the inherent risk the attorney takes by accepting the fee and representation of the client regardless of the time and effort which could be involved. There is no indication in this action that the Attorneys did not continue to represent the Judgment Debtors. However, nonrefundable fees must be reasonable. The trial court acknowledged this fact and reserved the issue until after the conclusion of the Criminal Case.

## CONCLUSION

As set forth above, the trial court reserved to make a finding on the issue of the reasonableness of the fees until after the Criminal Case was finished. We must, therefore, remand this action to the trial court for a finding on this issue. An exception exists, however, to the law firms of Cors & Bassett, Fulkerson & Kinkel, and Regard. As stated previously these firms had no remaining fees which would be attached. Thus, we affirm the trial court's decision as to them. As to Meade–McKenzie, there is no indication from the record that the trial court made specific findings as to the alleged sham transaction by Tandy, LLC to her. She had also not made an appearance at the appellate level. Consequently, upon remand, the court will make specific findings regarding her fees.

STUMBO, Judge, Concurs.

THOMPSON, Judge, Concurs and Files Separate Opinion.

THOMPSON, Judge, Concurring:

Respectfully, I concur with the result reached by the majority but expand on its reasoning.

The Kentucky garnishment statute states in part:

> If the court finds that the garnishee was, at the time of service of the order upon him, possessed of any property of the judgment debtor, or was indebted to him, and the property or debt is not exempt from execution, the court shall order the property or the proceeds of the debt applied upon the judgment.

KRS 425.501(5). In this case, the trial court found that the retained fees were no longer the property of the debtor-clients because the "flat fees" were earned immediately upon receipt. I agree and add that it is irrelevant that the fees remained in the Attorney's trust accounts. Upon the filing of objections to the garnishments, the court properly examined the amount of the fees and the services performed. The rule is stated in K.R. Newell, Annotation, *Funds in Hands of His Attorney as Subject of Attachment or Garnishment by Client's Creditor,* 35 A.L.R.3d 1094 (1971).

> [I]f services by an attorney have been rendered prior to garnishment, his right of setoff of the amount of such fees against the funds in his hands will protect the funds to that extent from garnishment, since his lien would come into play. And if counsel can show that the entire sum represents fees for services performed and to be performed, and it is evident that the sum is reasonably related to services which obviously require performance, the entire sum will be exempt from attachment. If counsel's answer should, however, disclose that he

holds money to secure payment of services which will be performed, and it appears that the sum held is larger than he could reasonably expect as his fee, or if it appears that evasive tactics are being resorted to, the court will undoubtedly permit garnishment of the funds. [Footnotes omitted].

I also point out that in the case presented, the Attorneys entered into contracts of representation before the judgment was entered against the debtor-clients. An attorney's fee contract has precedence over a subsequent garnishment. *Sharp v. Culton,* 262 Ky. 84, 89 S.W.2d 869 (1936).

Based on the general authority, upon receipt of a garnishment notice and an objection by the attorney, the trial court must make the relevant findings regarding the amount representing reasonable fees for services performed and to be performed on behalf of the debtor-clients. Of course, I agree that any funds retained for the purpose of avoiding payment to a client's judgment creditor are subject to garnishment.

In regard to Meade–McKenzie, Kentucky Rules of Civil Procedure (CR) 76.12(8)(c) permits this Court to impose penalties if an appellee fails to file a brief. However, our Supreme Court has held that when a co-appellee preserves the issues presented warranting reversal in favor of a non-filing appellee, penalties are not appropriate. *Mastin v. Liberal Markets,* 674 S.W.2d 7, 14–15 (Ky.1984). In this case, there were multiple co-appellees' briefs filed, all of which addressed the question regarding the garnishments of their client trust accounts. I agree with the remand to the trial court for a finding regarding whether there was a "sham" transaction involving Meade–McKenzie. If not, to the extent that any funds represent reasonable attorney's fees paid by the

debtor-client, the funds in the trust escrow account are exempt from garnishment.