TO BE PUBLISHED

# Supreme Court of Kentucky

FINAL

## 2017-SC-000529-KB

DATE 2/27/18 Kim Redmon, DC

KENTUCKY BAR ASSOCIATION                                    MOVANT

V.                              IN SUPREME COURT

DAMIAN GALLAHER                                          RESPONDENT

## OPINION AND ORDER

The Kentucky Bar Association (KBA) charged Damian Gallaher[1] in six separate matters, each of which proceeded as a default case under SCR[2] 3.210. Based on its proceedings, the KBA Board of Governors found Gallaher guilty in all six cases, and recommended that Gallaher be suspended from the practice of law for five years, with the suspension being probated to one year upon Gallaher satisfying certain conditions. We adopt the Board's recommendations. SCR 3.370(9).

### I.    Factual Background.

---

[1] Gallaher's KBA Number is 91761. He was admitted to the practice of law on May 1, 2007, and his bar roster address is P. O. Box 1455, Ashland, Kentucky 41105.

[2] Kentucky Rules of Supreme Court.

## I. Factual Background.

As noted, this matter involves six separate KBA cases or files. Because Gallaher had left his place of employment without a forwarding address and had apparently failed to furnish a new address to the KBA Director, SCR 3.175(1), efforts to notify Gallaher by certified mail or personal service in all these case files were unsuccessful. Thus, the complaints and charges in all cases were served on Gallaher through the KBA Director. SCR 3.175(2). We address each file in turn.

### A. KBA File No. 16-DIS-0239 (Dye).

On May 9, 2016, Kayla Dye retained Gallaher to represent her in a divorce matter, paying him $1,691 as a retainer. Gallaher filed one pleading, a response to Dye's husband's motion for temporary relief. Gallaher further appeared at a hearing in June 2016 concerning that motion. Gallaher thereafter failed to take any further action on the case, including failure to file responses to certain Interrogatories that had been served on Dye or to produce documents. As a result, the circuit court issued two contempt orders against Dye.

After retaining new counsel in September 2016, Dye filed a complaint against Gallaher in September 2016. Dye asserted that Gallaher failed to communicate matters with her relating to her case despite her numerous attempts to contact him.

Gallaher was charged with a violation of the following rules:

Count I: SCR 3.130(1.3): "A lawyer shall act with reasonable diligence and promptness in representing a client."

2

Count II: SCR 3.130(1.4)(a)(3) and (4): "A lawyer shall: (3) keep the client reasonably informed about the status of the matter; and (4) promptly comply with reasonable requests for information[.]"

Count III: SCR 3.130(1.16)(d): "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred."

Count IV: SCR 3.130(8.4)(c): "It is professional misconduct for a lawyer to ... engage in conduct involving dishonesty, fraud, deceit or misrepresentation".

### B.     KBA FILE 16-DIS-0264 (Womack).

Gallaher represented Mark Womack in a divorce matter involving Heather Jenkins pending in the Boyd Circuit Court. In May 2016, the court conducted a hearing at which it found Womack in contempt for failure to pay daycare expenses and child support and issued an arrest warrant for Womack. The court further directed Rhonda Copley, Jenkins' counsel, to prepare an order to provide that Womack could purge himself of the arrest warrant by paying the amount due.

Following the hearing, Gallaher contacted Ms. Copley to advise that Womack issued a check payable to him for $2,900 in payment for the daycare expenses and child support. However, Gallaher failed to turn over the check despite numerous requests from counsel. Gallaher even provided Ms. Copley with a copy of the check, but stated that it was thrown in a box as he was moving offices and he was unable to find it. Ms. Copley ultimately filed a

3

motion to compel in September 2016. The circuit court ordered Gallaher to immediately turn over the check. The check was never paid.

The Inquiry Commission initiated a complaint in December 2016 after receiving a letter from Ms. Copley regarding the actions of Gallaher. The Inquiry Commission thereafter issued a charge against Gallaher asserting violation of the following rules:

> Count I: SCR 3.130(4.4)(a): "In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person."
>
> Count II: SCR 3.130(8.4)(c): "It is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

### C.  *KBA FILE 16-DIS-0347 (Oliver).*

In March 2016, Dennis M. Oliver retained Gallaher to represent him in two matters: (1) a criminal case involving a charge of assault in the 4th degree pending in the Greenup District Court and (2) a family court visitation matter. Oliver paid Gallaher $2,000 as a retainer, $1,500 in March 2016, and $500 in April 2016.

Gallaher rescheduled a pretrial conference in the criminal case and appeared at that pretrial, but only spoke with Oliver immediately prior to the hearing. Another pretrial was set for October 12, 2016. Gallaher did not contact Oliver regarding the case in the interim. Additionally, Gallaher failed to appear at the October pretrial hearing.

Oliver asserts that Gallaher took no further action on his criminal case and the district court ultimately appointed a public defender to represent him.

4

Oliver also claims that Gallaher failed to take any action with respect to his visitation matter. As a result, Oliver has not seen his three-year-old daughter since March 2016. Oliver filed a complaint against Gallaher in November 2016.

The Inquiry Commission filed a four (4) count charge against Gallaher alleging the following rule violations:

> Count I: SCR 3.130(1.3): "A lawyer shall act with reasonable diligence and promptness in representing a client."
>
> Count II: SCR 3.130(1.4)(a)(3) and (4): "A lawyer shall: (3) keep the client reasonably informed about the status of the matter; and (4) promptly comply with reasonable requests for information[.]"
>
> Count III: SCR 3.130(1.16)(d): "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred."
>
> Count IV: SCR 3.130(8.4)(c): "It is professional misconduct for a lawyer to ... engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

**D.    KBA FILE 16-DIS-0348 (Stroud).**

On August 4, 2016, Kathy Stroud retained Gallaher to represent her in connection with her divorce. Stroud paid Gallaher $1,690 as a retainer. Gallaher failed to file a Petition for Dissolution of Marriage on behalf of Stroud or take any other action on her behalf. Further, Gallaher failed to respond to Stroud's calls, emails or other means of communication. Stroud learned that Gallaher moved from his office address and no one knew of his whereabouts.

5

As a result of Gallaher's failure to take any action, she retained the services of another attorney. Stroud filed a complaint against Gallaher in November 2016.

The Inquiry Commission charged Gallaher with violating the following rules:

> Count I: SCR 3.130(1.3): "A lawyer shall act with reasonable diligence and promptness in representing a client."

> Count II: SCR 3.130(1.4)(a)(3) and (4): "A lawyer shall: (3) keep the client reasonably informed about the status of the matter; and (4) promptly comply with reasonable requests for information[.]"

> Count III: SCR3.130(1.16)(d): "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred."

> Count IV: SCR 3.130(8.4)(c): "It is professional misconduct for a lawyer to ... engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

### E. *KBA FILE 16-DIS-0349 (Chafin).*

Jennifer Chafin retained Gallaher to represent her about a matter in family court in Lawrence County. Chafin paid Gallaher $1,080 as a retainer. Gallaher failed to ever appear in court for the case. Additionally, he failed to perform any other services for Chafin. Chafin attempted to contact Gallaher on several occasions regarding her case, but she could not reach him. Gallaher's phone number had been disconnected and she was advised he was no longer working at his office location. Chafin filed a complaint against Gallaher in November 2016.

The Inquiry Commission filed a charge against Gallaher asserting the following violations:

> Count I: SCR 3.I 30( 1.3): "A lawyer shall act with reasonable diligence and promptness in representing a client."

> Count II: SCR 3.130(1.4)(a)(3) and (4): "A lawyer shall: (3) keep the client reasonably informed about the status of the matter; and (4) promptly comply with reasonable requests for information[.]"

> Count III: SCR 3.130(1.16)(d): "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred."

> Count IV: SCR 3.130(8.4)(c): "It is professional misconduct for a lawyer to ... engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

## F.     *KBA FILE 16-DIS-0350 (Clark).*

In late 2015, Angela Clark retained Gallaher to represent her regarding her divorce. Clark paid Gallaher $1,510 as a retainer. In March 2016, Gallaher filed a Petition for Dissolution of Marriage on behalf of Clark in the Greenup Circuit Court. On May 31, 2016, Gallaher filed a motion for temporary relief seeking an order with respect to child custody and to deny visitation, a status quo order, temporary child support and maintenance, and other matters. Gallaher appeared at the hearing on this motion in June 2016, and, in August 2016, filed a motion for contempt because of Clark's husband's violation of the prior Court orders. However, Gallaher failed to answer certain Interrogatories on behalf of Clark that required Clark' husband to file a motion to compel. Gallaher thereafter took no further action with respect to this case.

Clark attempted to contact Gallaher on numerous occasions, however, she was not able to reach him as his phone was disconnected. His office advised Clark that Gallaher no longer worked there. Clark filed a complaint against Gallaher in November 2016.

The Inquiry Commission charged Gallaher with violating the following rules:

> Count I: SCR 3.130(1.3): "A lawyer shall act with reasonable diligence and promptness in representing a client."

> Count II: SCR 3.130(1.4)(a)(3) and (4): "A lawyer shall: (3) keep the client reasonably informed about the status of the matter; and (4) promptly comply with reasonable requests for information."

> Count III: SCR 3.130(1.16)(d): "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred."

> Count IV: SCR 3.130(8.4)(c): "It is professional misconduct for a lawyer to ... engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

## II.    CONCLUSIONS OF LAW.

After due deliberation, a roll-call vote was taken with respect to each count of each Charge. The Board voted as follows:.

**A.    *KBA FILE 16-DIS-0239 (Dye)*.**    Guilty on Count I (SCR 3.130(1.3)), Count II (SCR 3.130(1.4)(a)(3)&(4)), and Count III (SCR 3.130(1.16)(d)); Not Guilty on Count IV (SCR 3.130(8.4)(c)). The votes on all counts were unanimous.

8

**B.** **_KBA FILE 16-DIS-0264 (Womack)._** Guilty on Count I (SCR 3.130(4.4)) and Count II (SCR 3.130(8.4)(c)). On Count I, the vote was 11 guilty, 4 not guilty. On Count II, the vote was unanimous.

**C.** **_KBA FILE 16-DIS-0347 (Oliver)._** Guilty on Count I (SCR 3.130(1.3)), Count II (SCR 3.130(1.4)(a)(3)&(4)), and Count III (SCR 3.130(1.16)(d)); Not Guilty on Count IV (SCR 3.130(8.4)(c)). On Counts I-III, the votes were unanimous. On Count IV, the vote was 2 guilty, 13 not guilty.

**D.** **_KBA FILE 16-DIS-0348 (Stroud)._** Guilty on Count I (SCR 3.130(1.3)), Count II (SCR 3.130(1.4)(a)(3)&(4)); Count III (SCR 3.130(1.16)(d)), and Count IV (SCR 3.130(8.4)(c)). The votes on all counts were unanimous.

**E.** **_KBA FILE 16-DIS-0349 (Chafin)._** Guilty on Count I (SCR 3.130(1.3)), Count II (SCR 3.130(1.4)(a)(3)&(4)), Count III (SCR 3.130(1.16)(d)), and Count IV (SCR 3.130(8.4)(c)). The votes on all counts were unanimous.

**F.** **_KBA FILE 16-DIS-0350 (Clark)._** Guilty on Count I (SCR 3.130(1.3)), Count II (SCR 3.130(1.4)(a)(3)&(4)), Count III (SCR 3.130(1.16)(d)), and Count IV: SCR 3.130(8.4)(c)). On Counts I-III, the votes were unanimous. On Count IV, the vote was 10 guilty, 5 not guilty.

## III. RECOMMENDED DISCIPLINE.

The Board considered the prior disciplinary history of Gallaher, which indicated no prior discipline. Gallaher was, however, suspended by the Board of Governors on March 17, 2017 for Non-Compliance with CLE requirements for the 2015-2016 Educational Year.

9

The Board considered two levels of discipline. One proposal called for the suspension of Gallaher for a period of five (5) years, with the suspension period being probated to one hundred eighty-one (181) days on the condition that Gallaher be evaluated by the Kentucky Lawyer Assistance Program (KYLAP), attend the Ethics and Professionalism Enhancement Program (EPEP) and repay the fees received from Ms. Stroud and Ms. Chafin. The other proposal called for the suspension of Gallaher for a period of five (5) years, with the suspension being probated to one (1) year on the condition that Gallaher be evaluated by KYLAP, attend the Ethics and Professionalism Enhancement Program (EPEP) and repay the fees received from Stroud and Chafin.

The Board voted (12-3) to suspend Gallaher from the practice of law in the Commonwealth of Kentucky for a period of five (5) years, with the suspension being probated to one (1) year on the condition that Gallaher be evaluated by KYLAP, attend the Ethics and Professionalism Enhancement Program (EPEP) and repay the fees received from Stroud and Chafin. Additionally, the Board voted to require Gallaher to pay the costs of this action.

## IV.    ADOPTION OF BOARD'S RECOMMENDATION.

Pursuant to SCR 3.370(9), this Court finds and orders, as follows

A.    Gallaher is guilty of the violations of the various rules of the Kentucky Supreme Court as set forth above.

B.    Gallaher is hereby suspended from the practice of law for a period of five (5) years, with the suspension being probated to one (1) year on the conditions that Gallaher:

(1)  be evaluated by KYLAP and comply with all treatment recommendations:

(2)  attend and successfully complete the Ethics and Professionalism Enhancement Program (EPEP);

(3)  repay the fees received from Stroud (KBA File 16-DIS- 0348) and Chafin (KBA File 16-DIS-0349); and

(4)  pay the costs associated with this disciplinary proceeding. The costs of this proceeding, including amounts incurred after the consideration and vote by the Board, as calculated and certified by the Disciplinary Clerk, are $1,100.83.  These costs are assessed against and paid by Gallaher as required by SCR 3.450.

C.   Pursuant to SCR 3.390, Gallaher shall, within ten (10) days from the entry of this opinion and order, provide written notice to his clients of his inability to represent them; provide written notice to all courts in which he has matters pending of his suspension from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible, Gallaher shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting.  All concur.

ENTERED:  February 15, 2018.

CHIEF JUSTICE

11