TO BE PUBLISHED

# Supreme Court of Kentucky

FINAL

2018-SC-000160-KB

DATE 6/26/2018 Kim Redmon, DC

KENTUCKY BAR ASSOCIATION                                    MOVANT


V.                              IN SUPREME COURT


DAMIAN GALLAHER                                        RESPONDENT
KBA MEMBER NO. 91761


## OPINION AND ORDER


Respondent, Damian Gallaher, was admitted to the practice of law in the Commonwealth of Kentucky on May 1, 2007. His Kentucky Bar Association (KBA) member number is 91761 and his bar roster address is P.O. Box 1455, Ashland, Kentucky 41105. In 2017, the KBA Inquiry Commission issued four separate disciplinary charges against Respondent in KBA File Numbers 17-DIS-004, 17-DIS-0117, 17-DIS-0175, and 17-DIS-0187. On January 19, 2018, the present matter came before the Board as a default case pursuant to Supreme Court Rule (SCR) 3.210.

The KBA Board of Governors (the "Board") issued its Findings of Fact, Conclusions of Law, and Recommendations and ultimately found Respondent guilty of committing eleven of the fourteen disciplinary infractions alleged in the four separate files. The Board voted (11-6) to permanently disbar

Respondent from the practice of law in the Commonwealth of Kentucky. For the reasons stated herein, we agree with the Board's recommendation of disbarment.

## KBA FILE 17-DIS-0004

Jennifer Hupp (hereinafter "Jennifer") retained Respondent to represent her for purposes of drafting a settlement agreement. She paid him a $500 retainer. Respondent failed to perform the services for which he was retained. Jennifer attempted to contact Respondent on several occasions to no avail. She discovered his office empty with no further information concerning Respondent's whereabouts. As a result, Jennifer filed a Bar Complaint against Respondent on January 9, 2017.

On May 12, 2017, the Inquiry Commission filed a four-count charge for violations of SCR 3.130-1.3 (requiring reasonable diligence); SCR 3.130-1.4(a)(3) and (4) (requirement to promptly provide the client with necessary information and explanation); SCR 3.130-1.16(d) (rule providing for proper termination of representation); and SCR 3.130-8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation). The Office of Bar Counsel unsuccessfully attempted to serve Respondent on multiple occasions. All attempts were returned undeliverable.

## KBA FILE 17-DIS-0117

Joseph Williams (hereinafter "Joseph") retained Respondent to represent him in a driving under the influence (DUI) charge in exchange for a $2,500 payment. Respondent failed to perform the services for which he was retained,

2

and Joseph ultimately had to hire another attorney to represent him. As a result, Joseph filed a Bar Complaint against Respondent on April 13, 2017.

On July 24, 2017, the Inquiry Commission filed a three-count charge for violations of Supreme Court Rules (SCR) 3.130-1.3 (requiring reasonable diligence); SCR 3.130-1.16(d) (rule providing for proper termination of representation); and SCR 3.130-8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation). The Office of Bar Counsel unsuccessfully attempted to serve Respondent on multiple occasions. All attempts were returned undeliverable.

### KBA FILE 17-DIS-0175

Kyle Williams (hereinafter "Kyle") retained Respondent to represent him in a DUI charge in exchange for a $1,500 payment. Respondent initially met with Kyle and attended one hearing on Kyle's behalf, but failed to take any further action in that case. Kyle attempted to contact Respondent on several occasions to no avail. As a result, Kyle filed a Bar Complaint against Respondent on May 23, 2017.

On August 30, 2017, the Inquiry Commission filed a four-count charge for violations of SCR 3.130-1.3 (requiring reasonable diligence); SCR 3.130-1.4(a)(3) and (4) (requirement to promptly provide the client with necessary information and explanation); SCR 3.130-1.16(d) (rule providing for proper termination of representation); and SCR 3.130-8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation). The Office of Bar Counsel

3

unsuccessfully attempted to serve Respondent on multiple occasions. All attempts were returned undeliverable.

Roger Mayo (hereinafter "Roger") retained Respondent to represent him in a divorce matter. Roger paid Respondent a total of $3,000, which was rendered in multiple check payments. Respondent falsely stated that his name was "David Caudill" and requested that the payee line of the checks be left blank. Respondent cashed Roger's checks having filled in his actual name on the payee line, not "David Caudill." Respondent never filed a divorce action on behalf of Roger or took any other action with respect to his case. Respondent never returned any of Roger's money and Roger ultimately had to hire another attorney to represent him. As a result, Roger filed a Bar Complaint against Respondent on May 30, 2017.

On August 30, 2017, the Inquiry Commission filed a three-count charge for violations of SCR 3.130-1.3 (requiring reasonable diligence); SCR 3.130-1.16(d) (rule providing for proper termination of representation); and SCR 3.130-8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation). The Office of Bar Counsel unsuccessfully attempted to serve Respondent on multiple occasions. All attempts were returned undeliverable.

**Prior Discipline**

On February 15, 2018, this Court voted unanimously to suspend Respondent from the practice of law for a period of five (5) years, with the suspension period being probated to one hundred eighty-one (181) days on the

4

condition that Gallaher be evaluated by the Kentucky Lawyer Assistance Program (KYLAP), attend the Ethics and Professionalism Enhancement Program (EPEP), and repay his clients' fees. *Kentucky Bar Ass'n v. Gallaher*, 539 S.W.3d 29 (Ky. 2018). In so holding, we considered six different KBA case files charging Respondent with violations of multiple Supreme Court Rules. Each case involved conduct that is similar if not identical to the conduct that underlies Respondent's charges in the present case. We also note that disbarment has been held to be an appropriate punishment in other cases involving similar conduct. *E.g.*, *Kentucky Bar Ass'n v. Geller*, 211 S.W.3d 58, 59, fn. 6 (Ky. 2007).

Having considered Respondent's pending offenses, his prior disciplinary record, and the Board's recommendation, we adopt that recommendation.

Accordingly, it is hereby ORDERED that:

1) Respondent, Damian Gallaher, KBA Member Number 91761, is permanently disbarred from the practice of law in the Commonwealth of Kentucky, effective upon the date of entry of this order, pending further orders of this Court;

2) Pursuant to SCR 3.450, Gallaher is directed to pay all costs associated with these disciplinary proceedings, in the amount of $1,681.50, for which execution may issue from this Court upon finality of this Opinion and Order; and

3) Pursuant to SCR 3.390, Gallaher shall, within ten (10) days from the entry of this opinion and order, provide written notice to his clients of his

5

inability to represent them; provide written notice to all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible, Gallaher shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: June 14, 2018.

_____
CHIEF JUSTICE

6